IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | | CIVIL ACTION NO:05-40046-FDS |
| ) | | |
| DIAMOND STAFFING, INC ) | | |
| ) | | |
| Defendant ) | | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITIED
DISCOVERY

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond") and opposes the

Plaintiff's Motion for Expedited Discovery.  As grounds for this Opposition, Diamond states

as follows.

The Plaintiff brought suit seeking recovery under the Lanham Act, alleging trademark

infringement. Diamond has now filed a Motion to Dismiss the entire suit on the grounds that

the suit is frivolous, even to the extent that the Plaintiff lacks standing to bring suit.

Diamond incorporates by references its memorandum of law in the Motion to Dismiss.

However, Diamond adds several pertinent facts.

First, the Motion for Expedited Discovery is grossly misleading and deceptive. Most

importantly, the Plaintiff has obfuscated the important facts that the Plaintiff is an out of state

corporation suing a Massachusetts corporation. Diamond, the Massachusetts corporation, has

protected rights to its mark in Massachusetts superior to the rights claimed by the Plaintiff. In

addition, Diamond filed for federal trademark protection in a manner that provides superior

rights to the mark over the Plaintiff. Finally, the Plaintiff has no prior rights under any

common law theory, as there is no evidence of business activity by the Plaintiff in the Commonwealth.

Further, Diamond has demonstrated in its Motion to Dismiss that the Lanham Act claim must fail because the parties aren't even in the same line of business and don't compete for the same customers or the same business, any more than with the other 300 Diamond companies in the Commonwealth of Massachusetts.

There is absolutely no evidence of loss of business or harm to the Plaintiff, and the Plaintiff has been unable to state any harm during the nine months that the Plaintiff's lawyers have been conversing with Diamond's laywers. In fact, the Plaintiff may be benefiting from the advertising and marketing of Diamond in the Commonwealth of Massachusetts.

For those reasons, Diamond is seeking dismissal of the claim in its entirety. It goes without saying that a lawsuit that is subject to dismissal for failure of the basic issue of standing is unlikely to prevail on a motion for preliminary injunction. Since expedited discovery is only appropriate when there is a likelihood of success on the merits, the request for expedited discovery must fail when there is no claim upon which the Plaintiff may succeed.

Finally, Diamond is baffled by the Plaintiff's current claim of urgency. Diamond attaches as Exhibit A a letter from Donald Moffett, one of the Plaintiff's earlier lawyers dated December 5, 2004. As even the Plaintiff has admitted, the Plaintiff began making demands about this matter in late summer of 2004. More than seven months have now elapsed. The Plaintiff's dilatory conduct in awaiting seven months from discovery to the filing of suit raises serious doubts about the pretended sense of urgency at this juncture.

2

Because there is no likelihood of success on the merits, and because there is no urgency

to this matter and no harm occurring, and because there is now pending a motion to dismiss

the entire lawsuit, this motion for expedited discovery must be DENIED.

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: May 5, 2005

3

# DALY, CROWLEY & MOFFORD, LLP

275 TURNPIKE STREET - SUITE 101
CANTON, MASSACHUSETTS 02021-2354

TELEPHONE: 781-401-9988                    FACSIMILE: 781-401-9966

CHRISTOPHER S. DALY
JUDITH C. CROWLEY
DONALD F. MOFFORD                                        KERMIT ROBINSON
PAUL D. DURKEE                                           DAVID V. ROUILLE
                                                         ROBERT V. KLAUZINSKI
OF COUNSEL
RICHARD M. SHARKANSKY                                    www.dc-m.com
CATHY L. PETERSON

                            Via Certified Mail No.: 7002 2410 0002 6786 5484
                            Return Receipt Requested
                            December 5, 2003

President
Diamond Staffing, Inc.
146 West Boylston Drive
Worcester, MA 01606-2799

Re:    Diamond Staffing Trademark Controversy
       Our File No.: DIAM-002MUS

Dear Sir or Madam:

        This firm represents Diamond Staffing Solutions, Inc., of Derry, New Hampshire in its
trademark matters. In that capacity, we have been authorized to notify you that a serious matter
of trademark infringement has occurred as result of your use of the mark DIAMOND
STAFFING in connection with your recruiting services.

        Since at least May 6, 2002, Diamond Staffing Solutions, Inc has used the mark
DIAMOND STAFFING in conjunction with providing professional staffing services. Diamond
Staffing Solutions, Inc. has developed significant goodwill associated with its DIAMOND
STAFFING mark throughout the United States, and the mark is well-known to the consuming
public as a source identifier for those services.

        We are aware that you recently began using the identical mark DIAMOND STAFFING
in conjunction with identical services. Your use of the identical mark for identical services is
bound to cause confusion, mistake, and deception of the consuming public as to the source of
your client's services. Customers and potential customers will believe that your client's services
emanate from, or are licensed or approved by, Diamond Staffing Solutions, Inc. The plethora of
e-mail Diamond Staffing Solutions, Inc has been receiving is demonstrating the likelihood of
confusion by the public. Any dissatisfaction with your client's services will reflect upon and
irreparably damage our client's hard-won reputation embodied in its DIAMOND STAFFING
mark.

                                          Donald F. Mofford
                                          dfm@dc-m.com

DFM/pam
cc:    Ms. Suzanne DeVries
Q:\diam-002mus\ltr to pres diamond staffing, inc.doc

                                                              TOTAL P.02