IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO:05-40046-FDS |
| ) | |
| DIAMOND STAFFING, INC ) | |
| ) | |
| Defendant ) | |

MOTION OF DEFENDANT DIAMOND STAFFING, INC.
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO F.R.C.P. 12(b)(6) AND F.R.C.P. 56(c) OR, IN THE ALTERNATIVE, FOR
AN ORDER COMPELLING THE PLAINTIFF TO POST A BOND

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond") and moves that this

Court dismiss the Plaintiff's Complaint in its entirely on the grounds that the Plaintiff's

Complaint is frivolous on its face, such that it should be dismissed based upon the pleadings

pursuant to F.R.C.P. 12(b)(6). Based upon the inclusion of additional materials including sworn

affidavits, Diamond requests that this matter be considered as a motion for summary judgment

under F.R.C.P. 56(c). In furtherance of this motion, Diamond states as follows:

I.     NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this lawsuit under the Lanham Trade-Mark Act, §43(a), 15 U.S.C.A.

§1125(a), alleging violation of the Plaintiff's trademark rights, as well as under M.G.L. c 93A,

alleging unfair and deceptive trade practices under Massachusetts law. The Plaintiff has also

moved for expedited discovery. Diamond now moves to dismiss the lawsuit in its entirety on the

grounds that the record, which includes the Plaintiff's own Complaint and exhibits, together with

affidavits submitted by Diamond, demonstrate that the Plaintiff can make no showing of

trademark infringement, or any other actionable conduct, and cannot even make a threshold

showing of standing to bring suit. The record for this motion consists of the Plaintiff's pleadings, an Affidavit of Francis Vaccaro, an Affidavit of Annie Moore, an Affidavit of Mary Casey, Esq. an Affidavit of Mark Donabedian and the appended to this memorandum.

## II.    RELEVANT FACTS

As the Plaintiff notes in its Complaint, it is a Delaware corporation conducting its business in the state of New Hampshire. (Plaintiff's Complaint, ¶ 3) The Plaintiff is a home-based business with apparently fewer than three employees.[1] The Plaintiff has been in business for about three years. (Plaintiff's Complaint, ¶ 3) The Plaintiff's business is limited to permanent placement in the jewelry industry; advertising for its business, as demonstrated by the Plaintiff's Complaint and other filings, is limited to specialized jewelry industry periodicals and targeted marketing to jewelry store owners. (Plaintiff's Complaint, ¶ 4, and exhibits)

The Plaintiff failed to file for federal trademark protection when it commenced business under the name of Diamond Staffing Solutions, Inc. in 2002. (Affidavit of Mary Casey, ¶ 4)

Diamond is a Massachusetts corporation, approximately three years old, engaged in the placement of temporary personnel. (Affidavit of Francis Vaccaro, ¶ 4, Affidavit of Mary Casey ¶ 3) Diamond maintains a weekly payroll of approximately 1400-1600 people. (Affidavit of Francis Vaccaro, ¶ 4, and exhibits). Diamond has ten offices, seven in Massachusetts and three in New Jersey. Affidavit of Francis Vaccaro ¶ 3) Diamond does not provide permanent placement in the jewelry industry (Affidavit of Francis Vaccaro, ¶ 11). Diamond does not have an office in New Hampshire. (Affidavit of Francis Vaccaro, ¶ 12)

Diamond produces annual sales of between $21,000,000 and $40,000,000 (Affidavit of Francis Vaccaro, ¶ 7).  Diamond has spent in $84,000 in 2004 to build its name and reputation in the Commonwealth of Massachusetts. (Affidavit of Francis Vaccaro, ¶ 10)

---

[1] Based upon the laws regulating home-based businesses in Derry, New Hampshire

Diamond has state trademark rights in the Commonwealth of Massachusetts since December 3, 2003 (Affidavit of Mary Casey ¶ 5), and filed for federal trademark rights with the Patent and Trademark Office on December 10, 2003 (Affidavit of Mary Casey ¶ 5). The Plaintiff made a filing subsequent to that date. (Records of the Patent and Trademark Office)

For the limited purpose of this motion, Diamond requests that this Court take judicial notice of the public records of the Secretary of the Commonwealth, which show that Diamond is a common name for corporations in the Commonwealth of Massachusetts. Indeed, as Exhibit A shows, 312 businesses incorporated in the Commonwealth of Massachusetts use some derivation of the name "Diamond," including several other employment agencies such as Diamond Personnel Consultants and Diamond Legal Staffing. Prior to the use of the Diamond Staffing name by Diamond in 2003, the name was used in the same form under the mark Diamond Staffing Services, Inc. by a Massachusetts corporation performing placement for the asbestos removal industry.

Diamond also requests the Court to take judicial notice based upon the records of the secretaries of state throughout the United States that, nationally, at least 10,000 companies use some derivation of the Diamond name, including Diamond Dental Staffing, Ltd in Kirkland, Washington, Diamond Medical Staffing in Stevens, Pennsylvania and Diamond Staffing Services, L.L.C in Mesa Arizona.

Notwithstanding the common use of the name "Diamond" for many years in the Commonwealth of Massachusetts prior to the Plaintiff's incorporation in New Hampshire, the Plaintiff has apparently elected not to sue the five or six hundred other Diamond entities for violations of the Lanham Act.[2]

---

[2] The inference is that the Plaintiff has targeted the largest user of the Diamond name by filing a frivolous lawsuit in the hope of receiving a large financial payoff.

3

III.    ARGUMENT

A. THE STANDARD FOR A MOTION TO DISMISS AND FOR SUMMARY
   JUDGMENT FAVORS JUDGMENT FOR DIAMOND

F.R.C.P. 12(b)(6) permits a party to bring a motion to dismiss based upon a "failure to state a

claim upon which relief can be granted. The rule further states that "[i]f on a motion asserting

the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief

can be granted, matters outside the pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." It

has been noted that "Summary Judgment is proper if there are no genuine issues of material fact

and the law otherwise warrants judgment for the moving party." Fleet National Bank v. H & D

Entertainment, Inc., 96 F.3rd 532,537 (1st. Cir. 1996).

As is argued below, Diamond's motion to dismiss or, alternatively, for summary

judgment, is based upon the fact that the Plaintiff cannot prove an essential element of a Lanham

Act claim, such that Diamond is entitled to dismissal of the Complaint as a matter of law.

B. THE STANDARD FOR A LANHAM ACT CLAIM FAVORS DIAMOND

The Court has determined that "[t]o make out a claim under §1125 of the Lanham Act, the

plaintiff must prove the following things: "(1) the ownership of a distinctive mark entitled to

trademark protection; (2)the use of that name in interstate commerce; and(3)its use by another in

a manner likely to cause confusion as to the origin of the goods or services." Boustany v. Boston

Dental Group, Inc. 42 F.Supp.2d 100,104 (1999), citing Calamari Fisheries, Inc. v. Village

Catch, Inc. 698 F.Supp. 994,1006 (D. Mass. 1988) Notwithstanding all three factors, the Court

has also concluded that "reduced to the essentials, the central inquiry…is whether…the use of

the plaintiff's mark is likely to cause consumer confusion." Boustany, 42 F.Supp. 2d at 104.

4

Even in considering all of the elements, the court must consider "the most important element of any Lanham Act claim-likelihood of consumer confusion....To determine whether there is a likelihood of consumer confusion of two marks, the court must consider the following factors: (1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties channels of trade; (4) the relationship between the parties advertising; (5) the class of prospective purchasers; (6)evidence of actual confusion; (7)the defendants' intent in adopting its mark; and (8)the strength of the plaintiff's mark." Boustany, 42 F.Supp 2d at 108, citing Pignons S.A. de Mecanique de Precision v. Polaroid Corporation 657 F.Supp 482, 487 (1st Cir. 1981).

While the test may appear convoluted, it is clear that the application of these elements is eminently practical—to ensure that a company has full freedom to operate it business without fear that it will lose it customers or good will to another company in the exact same business based upon the inability of the customers to distinguish between the two companies. It has also become evident that the courts have adopted a very narrow interpretation of these elements within recent years.

For example, the Boustany case involved a dental practice known as Boston Dental, a dental practice located in downtown Boston. The record in that case demonstrated that Boston Dental has used its name for approximately fifteen years in Boston, and had incurred approximately $100,000 in advertising revenues to establish its mark in Massachusetts. Boston Dental had not sought state or federal trademark protection for its mark. Subsequent to this investment in time and resources, a new entity, Boston Dental Group, Inc. established itself in the Boston suburbs. Like Boston Dental, Boston Dental Group, Inc. was involved in the practice of dental medicine. The Court records showed that the activities and conduct of Boston Dental

Group, Inc. involved thousands of Boston Dental's customers, and that extensive anecdotal evidence demonstrated that confusion was actual, ongoing, and not subject to resolution without intervention by the court. In granting Boston Dental's application for preliminary injunction, the court noted that it was relying upon "…significant similarity between the services offered by the parties, a similarity in the parties' channels of trade, advertising and prospective purchasers, and, finally, and perhaps most importantly, evidence of actual confusion." Boustany, 42 F.Supp. 2d at 111.

Again, looking at the court's holding, it is evident that the court found most persuasive that the two business entities were competing for the same customers, and the customers lacked the ability to discern between the two entities, causing actual harm to Boston Dental that warranted injunctive relief.

The result of the Boustany case contrasts well with the result in Bay State Savings Bank v. Baystate Financial Services, LLC, 338 F.Supp. 2d 181 (2004). The Bay State case involved two financial institutions, both of which had physical presence in the city of Worcester. In denying Bay State Savings Bank's motion for a preliminary injunction, the court noted that Bay State Savings Bank had failed to demonstrate the prongs of actual confusion and common business, noting that Bay State Savings Bank was a consumer bank, while Baystate Financial Services was a financial services company. Both banks, while carrying a common name, a common geographic location and a common general industry, were not involved in the same line of business. Thus, even though the potential for confusion existed, the difference in business type would preclude any harm from transpiring based upon confusion. The holding of Bay State is critical—in order to prevail on a claim under the Lanham Act, the party seeking relief must demonstrate that the business entities are providing services that are identical such there is a

6

certainty of harm arising out of the confusion. Absent the kind of confusion shown in Boustany leading to a true loss of business, the claim must fail.

It is based upon this doctrine that the Plaintiff cannot prevail on its claim, and the Motion to Dismiss must be ALLOWED.

C. THE PLAINTIFF CANNOT MAKE A SHOWING OF OWNERSHIP OF A MARK SUBJECT TO THE LANHAM ACT AS A MATTER OF LAW, SUCH THAT THE DIAMOND IS ENTITLED TO DISMISSAL OF THE CLAIM AS A MATTER OF LAW

The first prong of a Lanham Act claim has two distinct components that must be proved by a Plaintiff seeking relief under the Act.

The first of these elements involves the mark itself. The second element, equally necessary, specifically requires proof of "ownership" rights in the mark. "Ownership" is clearly the element that provides overall standing for a party to bring a claim under the Lanham Act.

The existence of six non-rebuttable facts demonstrate that the Plaintiff cannot prove as a matter of fact or law the first prong of a Lanham Act claim—the right to lay claim to ownership of a trademark.

These six indisputable facts are as follows:

1. The Plaintiff is a Delaware company doing business in New Hampshire (Plaintiff's Complaint, ¶ 3)

2. Diamond is a Massachusetts company doing business in Massachusetts (Affidavit of Francis Vaccaro, ¶ 4, Affidavit of Mary Casey ¶ 3)

3. Diamond filed for federal trademark protection with the Patent and Trademark Office prior to any attempt at filing by the Plaintiff. (Affidavit of Mary Casey ¶¶ 4,5)

4. Diamond has properly and fully registered its mark in the Commonwealth under M.G.L. c. 110B, giving Diamond the right to use its mark in the Commonwealth without interference. (Affidavit of Mary Casey ¶5)

5. The Plaintiff did not engage in directed marketing in Massachusetts and did not engage in any business activity to the Massachusetts general public prior to Diamond's registration, thus precluding the Plaintiff from demonstrating any geographical "prior claim" superior to Diamond's use of the mark in Massachusetts.(Exhibits to the Plaintiff's Complaint)

6. Even if the Plaintiff had engaged in conduct within the geographic bounds of Massachusetts during the time before Diamond registered its mark, the Diamond mark had been in prior use by at least 300 Massachusetts companies before the Plaintiff was incorporated, including Diamond Staffing Services, Inc., a Massachusetts corporation.[3]

In short, the Plaintiff cannot claim a superior right to the use of the mark in the Commonwealth of Massachusetts. Diamond has superior claim to the mark under federal law. The Plaintiff cannot make a showing of "prior use" in the Commonwealth. Nothing will change these facts.

---

[3] Ironically, the Plaintiff claims that it has the right to the good will belonging to the Diamond mark in Massachusetts in 2002-2003. In fact, the Diamond mark was apparently owned by Diamond Staffing Services, Inc., a staffing company that provided unskilled workers for asbestos abatement. Diamond has attached documentation showing that Diamond Staffing Services, Inc. was in violation of state environmental laws. Indeed, there was no goodwill associated with the Diamond Staffing name in the Commonwealth until the Defendant built that good will after 2003. Arguably, the Plaintiff has benefited from the Defendant's work in restoring the integrity of the Diamond Staffing mark

8

Thus, the Plaintiff cannot demonstrate that it has any standing or legal right to bring a Lanham Act claim against Diamond, and no amount of discovery will change these essential facts.

Diamond has been unable to find a single case in which a foreign company has been permitted to come into a jurisdiction and successfully challenge an in-state company with state trademark rights and superior federal trademark rights. The law simply does not allow a remedy in such a scenario. Diamond has been unable to find any case law that suggests that Congress intended to do away with the basis issue of standing when it passed the Lanham Act

In the absence of any facts that would support the Plaintiff's claim to ownership of any mark subject to trademark protection in the Commonwealth over Diamond, and in the absence of any law that supports a remedy under these facts, Diamond's motion to dismiss must be ALLOWED.

### D. THE PLAINTIFF CANNOT PROVE THE ELEMENTS NECESSARY TO SUPPORT A LANHAM ACT CLAIM UNDER THE POLAROID FACTORS, THUS REQUIRING DISMISSAL OF THE PLAINTIFF'S CLAIM AS A MATTER OF LAW

The crucial test of a Lanham Act claim is the proof of actual confusion and harm within the marketing channel. The Boustany and Bay State cases make it abundantly clear that in order to demonstrate a showing under the Lanham Act, the Plaintiff must show that the confusion is actual and likely to lead to the actual transference of business from one entity to the other as a result of confusion in the mark. The case law now states that the actual confusion must affect real customers who cannot distinguish between the two corporate entities. In short, the Plaintiff in the case at bar would have to show that as a result of confusion between the Plaintiff and the Diamond, the Plaintiff's customers would find themselves inadvertently sitting in Diamond's figurative dentist chair.

9

Here, the Plaintiff can make absolutely no such showing. In fact, it is factually impossible for the Plaintiff to make such a showing because the two businesses do not compete.

Fundamentally, as with Bay State/ Baystate, the parties in the case at bar are involved in the same general industry, (Bay State and Baystate were both financial service companies; the Plaintiff and Diamond are both in personnel services). However, as with Bay State/Baystate State, the parties do not operate within the same channel of trade. (Bay State was a savings bank and Baystate was a financial services company) In the case at bar, the Plaintiff provides permanent staffing for the jewelry industry while Diamond provides temporary staffing outside of the jewelry industry.

As with Bay State/Baystate, the Plaintiff and Diamond market to entirely different customers and advertise in entirely different media. The prospective customers are an entirely different class of people—the Plaintiff markets to jewelry stores. Diamond does not conduct business with jewelry stores.

In addition, the Bay State/Baystate case, as well as the Boston Dental/Boston Dental Group cases, involved immediate geographic proximity. Both Bay State and Baystate operated in Worcester and were within visual range of each other. Boston Dental operated in the market where many of its customers work, while Boston Dental Group operated where many of those same customers lived. In the case at bar, there is no geographic proximity whatsoever. Diamond has not conducted business in New Hampshire. There is no evidence that the Plaintiff operates in the same geographic market as Diamond.

There is also no likelihood of actual confusion of customers. Diamond cannot and will not provide full-time staff to jewelry stores. Indeed, the Affidavit of Annie Moore demonstrates that one e-mail that was directed to Diamond regarding the jewelry industry was referred by

Diamond to the Plaintiff in late 2004. (Affidavit of Annie Moore, ¶4) At that time, the Plaintiff informed Annie Moore that the Plaintiff had received no orders intended for Diamond. (Affidavit of Annie Moore, ¶4)

Similarly, just as the Defendant could not accommodate the needs of Plaintiff's customers, the Plaintiff could not accommodate a request to provide temporary workers.

Indeed, the only confusion that has been alleged arose because *the Plaintiff* made an error in installing an e-mail system, conduct attributable to the Plaintiff's acts and conduct, not Diamond's business conduct. (Affidavit of Mark Donabedian ¶5)

Finally, the Plaintiff makes the false statement that Diamond was a defendant in a discrimination case. This is not true. (See, Affidavit of Francis Vaccaro, ¶13) In any case, the law speaks to confusion by actual customers, not lawyers. Evidence that a lawyer was confused is not evidence of actual confusion in the channel of trade under the Lanham Act.

In effect, the Plaintiff has not alleged a single instance where a customer was confused, anecdotally or otherwise. The reason is simple—the two companies do not have common customers, just as Bay State and Baystate did not compete.

Finally, the Plaintiff cannot make a showing of the final two factors. As to Diamond's intent in adopting its mark, the Affidavit of Mary Casey makes it clear that the name was selected because it was available and subject to trademark registration.(Affidavit of Mary Case, ¶¶ 3,4) Affidavit of Francis Vaccaro ¶ 5)

In short, there was no evidence that the Plaintiff was even doing business in Massachusetts, let alone that the use of the mark would somehow add cachet to the Defendant's business. This would have been different had the Plaintiff filed for trademark protection, which it had not done.

11

Diamond is entitled to rely upon the public record that the name was available and not subject to question.

Lastly, the Plaintiff cannot demonstrate strength of a mark to which it has absolutely no ownership rights in this market.

In short, the Plaintiff cannot produce any record of admissible evidence that would support the Lanham Act claim or the c. 93A claim. This is an instance of factual impossibility. The parties are simply not in the same business and don't operate in the same geography. There is no commonality of customers, no commonality of marketing or channel. There is no likelihood of confusion between customers, and no potential of any harm. In fact, the Plaintiff has not enunciated the basis of any harm in its Complaint.

For the foregoing reasons, the Plaintiff cannot make a showing under the Lanham Act, and the Motion to Dismiss must be ALLOWED.

E. <u>IN THE EVENT THAT THE COURT NOT ELECTS TO DISMISS THE CLAIM AT THIS TIME, DIAMOND REQUESTS AN ORDER REQUIRING THE PLAINTIFF TO POST A BOND PENDING RESOLUTION OF THIS SUIT</u>

As is noted in the Affidavit of Francis Vaccaro, Diamond is a substantial, interstate company paying nearly 1600 people weekly, and reaching sales of in the tens of millions of dollars. The company has followed all of the safe harbors for protection of its business interests, including the availability of its name and the availability of its mark in both Massachusetts and under federal law. Diamond believes the lawsuit against it by an out of state company that apparently failed to protect its own interests is baseless and should be dismissed. At the least, it is unlikely that the Plaintiff could ever produce a shred of evidence to prevail at trial.

Nonetheless, the Plaintiff has substantial potential to cause harm to Diamond based upon this lawsuit. Considering the huge discrepancy between the Plaintiff and Diamond, it is evident that the Plaintiff will not be able to pay damages for the harm it could cause.

Consequently, equity requires that should this matter proceed, the Plaintiff be required to post a bond sufficient to provide security to Diamond.

IV.    CONCLUSION

For the foregoing reasons, that the Plaintiff make even a fundamental showing a right to bring a claim under the Lanham Act by failing to show standing, and because the Plaintiff cannot make any conceivable showing of ownership of a mark, infringement of a mark, confusion with a mark or harm by Diamond, the Motion to Dismiss must be ALLOWED. Alternatively, the Plaintiff should be required to post a bond in the amount of $20,000,000.

<div style="margin-left:50%;">

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

</div>

Dated: May 5, 2005

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid, to:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

_____
Robert N. Meltzer

May 5, 2005

# EXHIBIT A

Case 4:05-cv-40046-FDS   Document 7-2   Filed 05/06/2005   Page 2 of 15



# super pages.com

| HOME PAGE | MY DIRECTORY | YELLOW PAGES | PEOPLE PAGES | CITY PAGES | CONSUMER CENTER | ADV |

## Yellow Pages

**Volt Information Sciences**
Volt supplies the energy behind the services your business depends on everyday. Full-service niche recruiting and comprehensive staffing solutions.
www.volt.com

**Stuart Enterprises**
Stuart Enterprises offers full service bookkeep
Business consulting services in the Northern N
Southern NH areas.
Haverhill, MA 01830
phone | email
www.stuartenterprises.biz

Home → Yellow Pages → Diamond personal (Results 1 - 2 of 2)

### Showing Yellow Pages results for "diamond personal"



More results







**No exact matches found.**
The closest matches are listed below.

**Search Again**

1. Type of Search
Yellow Pages

2. Keyword (browse)
_____

or Business Name
diamond personal

3. City
Boston

4. and State or Nationwide
Massachusetts

Find It | Search Tips

**Related Categories**

Business & Professional
Services
Employment
Business Services

**Other Yellow Pages Searches**

• Map-Based Search
• Search By Distance
• Advanced Search
• Category Search
• Reverse Lookup
• University Search

Results sorted by degree of match.

Yellow Pages | Merchandise | eBay Results | Web Results
**Show:** In Boston MA only     **Map:** Show Results on Map

**Listings**

**97% Diamond Legal Personnel**
99 Summer Street, Boston, MA 02110
phone | map | save

**97% Diamond Personnel Consultants**
99 Summer Street, Boston, MA 02110
phone | map | save

**Show:** In Boston MA only     **Map:** Show Results on Map

**Results 1 - 2 of 2**                    Help

data by ACXIOM  Copyright © 2005 Acxiom.

Case 4:05-cv-40048-FDS   Document 7-2   Filed 05/06/2005   Page 8 of 15



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## Public Browse and Search - Entity Results

⍰
Help with this form

### 312 Records Matched Your Begins With Search for Entity Name: diamond

(Page 2 of 3)

| Entity Name | Identification Number | Old Identification Number | Principal Office Address, City, State, Zip, Country |
|---|---|---|---|
| DIAMOND HILL ROAD, LLC | 000889528 | | 182 TURNPIKE RD., WESTBOROUGH, MA 01581  USA |
| DIAMOND HOLDING COMPANY, L.L.C. | 043128917 | | 20 WILLIAM ST., STE. G-75, WELLESLEY, MA 02481-0000 USA |
| DIAMOND HOME SERVICES, INC. | 363886872 | 000000000 | 120 E. CALHOUN ST., WOODSTOCK, IL 60098  USA |
| DIAMOND HOMES, INC. | 043111102 | 000355610 | PO BOX 615, 455 NORTH ST., TEWKSBURY, MA 01876  USA |
| DIAMOND HOUSE INCORPORATED | 043337811 | 000556645 | 338 FERRY ST., EVERETT, MA 02149  USA |
| DIAMOND IMPORTS LTD., INC. | 042854835 | 000217111 | 265 WINN ST., BURLINGTON, MA 01803  USA |
| DIAMOND IMPORTS/ESTATE BUYERS, INC. | 000545917 | 000000000 | 2 JOHN ST., NEWTON, MA 02158  USA |
| DIAMOND INDUSTRIES, INC. | 223788343 | | 6 HOLLYBROOK WAY, WOORHEES, NJ 08043  USA |
| DIAMOND INDUSTRIES, INC. | 042507991 | | 685 MAIN ST, WORCESTER, MA 01608  USA |
| DIAMOND INSTALLATIONS, INC. | 000646236 | 000000000 | 34 EVANS ST., NEW YORK, NY 10801  USA |
| DIAMOND INSTITUTE OF TECHNOLOGY INCORPORATED | 043553089 | 000000000 | 54 CABOT, EVERETT, MA 02149  USA |
| DIAMOND INSURANCE AGENCY, INC. | 000806152 | | 1619 MAIN STREET, BROCKTON, MA 02301  USA |
| DIAMOND INTERNATIONAL | | | 161 WEST PUTNAM |

| CORPORATION | 000109009 | | AVE., GREENWICH, CT 06830 USA |
|---|---|---|---|
| DIAMOND INTERNATIONAL CORPORATION | 061061417 | 131596082 | 125 PARIDON ST, SPRINGFIELD, MA 01101 USA |
| DIAMOND INVENTORY COMPANY | 592188406 | 000000000 | 3901 CONCONUT PALM DR., TAMPA, FL 63619 USA |
| DIAMOND INVENTORY COMPANY | 000700577 | 000000000 | 84 STATE ST., BOSTON, MA 02109 USA |
| DIAMOND IRONWORKS, INC. | 043449151 | 000645857 | 70-74 STATE ST., LAWRENCE, MA 01840 USA |
| DIAMOND JACK'S, INC. | 043244324 | 000472849 | 473 SOUTH ST., #12, RAYNHAM, MA 02767 USA |
| DIAMOND JEM, INC. | 000196155 | | 10 WENDOVER ST., DORCHESTER, MA 02125 USA |
| DIAMOND JEWELRY CO, INC. | 042143992 | | 421 MAIN ST, WORCESTER, MA 01608 USA |
| DIAMOND JOHNSON, INC. | 042911914 | 000234954 | 111 SUDBURY RD., ASHLAND, MA 01721 USA |
| DIAMOND K CORPORATION | 000717764 | 000000000 | I-30 EAST EXIT 165, MT PLEASANT, TX 75456 USA |
| DIAMOND LAWN CARE, INC. | 000580148 | 000000000 | 853 PLAIN ST., MARSHFIELD, MA 02050 USA |
| DIAMOND LEASE (U.S.A.), INC. | 000738590 | 000000000 | 2 SOUND VIEW DR., GREENWICH, CT 06830 USA |
| DIAMOND LEASEWAY CORP. | 000491856 | 000000000 | 65 MERRIMACK ST., LAWRENCE, MA 01840 USA |
| DIAMOND LEASING & FUNDING CORPORATION | 000149763 | | 120 BOYLSTON ST., SUITE 432, BOSTON, MA 02116 USA |
| DIAMOND LEASING, CORP. | 000258569 | | 23 JERICHO RD., SCITUATE, MA 02066 USA |
| DIAMOND LEDGE GROUP, INCORPORATION | 000606088 | 000000000 | 49 THISSELL ST., PRIDES CROSSING, MA 01965 USA |
| DIAMOND LIMOUSINE SERVICE, INC. | 042867789 | 000245011 | 712 EAST ST., WALPOLE, MA 02081 USA |
| DIAMOND LIVERY SALES AND LEASING INC. | 042999324 | 000267382 | 183 IPSWICH ROAD, TOPSFIELD, MA 02176 USA |
| DIAMOND LIVERY SERVICE, INC. | 042999324 | 000267382 | 183 IPSWICH ROAD, TOPSFIELD, MA 02176 USA |
| DIAMOND LOAN ASSOCIATES,INC. | 000139979 | | 66 PARKER ST., LAWRENCE, MA 01840 USA |
| DIAMOND LUMBER, INC. | 751905843 | 000109366 | 4505 LBJ FREEWAY, DALLAS, TX 75234 USA |

| | | | |
|---|---|---|---|
| DIAMOND M, INC. | 000695337 | 000000000 | 20 CROSS ST., HOLLISTON, MA 01746  USA |
| DIAMOND MACHINE INCORPORATED | 042736836 | 000173684 | 8 HAZEL ST., WATERTOWN, MA 02172  USA |
| DIAMOND MACHINING TECHNOLOGY, INC. | 042596075 | 000078611 | 85 HAYES MEMORIAL DR., MARLBOROUGH, MA 01752  USA |
| DIAMOND MAINTENANCE & SUPPLY CO., INC. | 000176670 | | 154 DORSET RD., ATHOL, MA 01331  USA |
| DIAMOND MANAGEMENT GROUP, INC. | 000737198 | 000000000 | 12 GARLAND ST., MELROSE, MA 02176  USA |
| DIAMOND MARKETING, INCORPORATED | 000448170 | 000000000 | 396 MAIN ST., HYANNIS, MA 02601  USA |
| DIAMOND MATCH COMPANY, THE | 132561879 | | 733 THIRD AVE., NEW YORK, NY 10017  USA |
| DIAMOND MECHANICAL CORP. | 000376884 | | 67 SHASTA DR., LONDONDERRY, NH 03053  USA |
| DIAMOND MECHANICAL CORPORATION | 000703620 | 000000000 | 123 HANIAN DR., WEYMOUTH, MA 02189  USA |
| DIAMOND MICROELECTRONICS CORPORATION | 000669087 | 000000000 | 228 LEWIS WHARF, BOSTON, MA 02110  USA |
| DIAMOND MIND, INC. | 043277194 | 000504191 | 329 MASS. AVE, SUITE 2, LEXINGTON, MA 02420  USA |
| DIAMOND MIRROR, INC., THE | 042274053 | | 34 BATES ST, METHUEN, MA 01844  USA |
| DIAMOND MORTGAGE CO., INC. | 043134330 | 000333558 | 1060 OSGOOD ST., NO. ANDOVER, MA 01845  USA |
| DIAMOND MORTGAGE SERVICES, INCORPORATED | 043337795 | 000558442 | 17 TRESCOTT ST., TAUNTON, MA 02780  USA |
| DIAMOND MOTORS INC. | 000849293 | | 1379 BLUE HILL AVE., MATTAPAN, MA 02126  USA |
| DIAMOND MOTORS INC. | 000262336 | | 857 SHORE RD., POCASSET, MA 02559  USA |
| DIAMOND MOVING AND STORAGE, INC. | 000037527 | | 1529 BLUE HILL AVE, BOSTON, MA 02126  USA |
| DIAMOND NATIONAL CORPORATION | 000020059 | | 125 PARIDON ST, SPRINGFIELD, MA 01101  USA |
| DIAMOND NEPSA, INC. | 010688757 | 000817222 | 380 UNION ST., W. SPRINGFIELD, MA 01089  USA |
| DIAMOND OFFSET PRINTING, INC. | 000037528 | | 103 H ST, S BOSTON, MA 02127  USA |

| | | | |
|---|---|---|---|
| DIAMOND OIL CO | 041246080 | | 28 MAPLECREST DR, SOUTHBORO, MA 01772 USA |
| DIAMOND OPTICAL CORP. | 042708888 | 000158059 | 101A FRENCH AVE., BRAINTREE, MA 02184 USA |
| DIAMOND PAINT N' DECORATING, INC. | 042989830 | 000266518 | 60 WOODSIDE AVE., WINTHROP, MA 02152 USA |
| DIAMOND PAINTING & CONTRACTING, INC. | 000891711 | | 8 GREENWICH ST., #2, ROXBURY, MA 02120 USA |
| DIAMOND PAINTING AND MAINTENANCE COMPANY, INC. | 043292137 | 000516020 | 29 HARVEST ST., LYNN, MA 02148 USA |
| DIAMOND PAINTING, INC. | 043225311 | 000460364 | 405 WALTHAM ST., #278, LEXINGTON, MA 02173 USA |
| DIAMOND PAINTING, INCORPORATED | 042457018 | | 21 SEAVIEW AVE., WINTHROP, MA 02152 USA |
| DIAMOND PARLOR FURNITURE COMPANY | L86003088 | | , , |
| DIAMOND PARTNERS LLC | 000594454 | | 31 SCHOOSETT ST., STE 501, PEMBROKE, MA 01778-0000 USA |
| DIAMOND PEGASUS FISHING CORP. | 043098270 | 000339514 | 45 MAIN ST., WAREHAM, MA 02571 USA |
| DIAMOND PERFECTIONS, INC. | 043077408 | 000326201 | 381 OCEAN ST. #5, HYANNIS, MA 02601 USA |
| DIAMOND PEST CONTROL, INC. | 043207422 | 000444501 | 40 DARTMOUTH ROAD, PLYMOUTH, MA 02360 USA |
| DIAMOND PHARMACY, INC. | 042260234 | | 342 N MAIN ST, RANDOLPH, MA 02368 USA |
| DIAMOND PHYSICAL THERAPY ASSOCIATES, P.C. | 043584166 | 000805726 | 249 LEXINGTON STREET, WALTHAM, MA 02452 USA |
| DIAMOND PLACE TRADING, INC. | 043189096 | 000427996 | 380 PLACE LN., WOBURN, MA 01801 USA |
| DIAMOND PLACE, INC. | 000349569 | | 14 WINTHROP ST., MARLBOROUGH, MA 01752 USA |
| DIAMOND POLICE EQUIPMENT CORPORATION | 000020034 | | 1085 MAIN ST., MANCHESTER, CT 06040 USA |
| DIAMOND POLISHING SYSTEMS, INC. | 042977084 | 000258827 | 315 ELM TERRACE, MANSFIELD, MA 02048 USA |
| DIAMOND POOL CO.,INC. | 042468011 | | 24 NEWBURY ST, DANVERS, MA 01923 USA |
| DIAMOND POWER | | | 1450 POYDRAS ST., NEW |

| INTERNATIONAL, INC. | 721365729 | 000586567 | ORLEANS, LA 70112 USA |
|---|---|---|---|
| DIAMOND PRODUCTS COMPANY | 592188406 | 000000000 | 3901 CONCONUT PALM DR., TAMPA, FL 63619 USA |
| DIAMOND PRODUCTS, INC. | 042703226 | 000159514 | 271 NASHUA RD., DRACUT, MA 01827 USA |
| DIAMOND PROPERTIES,LTD. | 042694026 | 000144622 | 41 NORTH MAIN ST., FALL RIVER, MA 02722 USA |
| DIAMOND PROPERTY LIMITED | 000869535 | | 191 PAINE ST., BELLINGHAM, MA 02019 USA |
| DIAMOND QUALITY DELIVERY, INC. | 000812820 | | 64 MEADOW RD., WESTPORT, MA 02790 USA |
| DIAMOND R. V. CENTRE, INC. | 043137260 | 000375420 | 164 WEST ST., HATFIELD, MA 01038 USA |
| DIAMOND REAL ESTATE SERVICES, INC. | 042831263 | 000209063 | 17 TRESCOTT ST., TAUNTON, MA 02780 USA |
| DIAMOND REALTY CORP. | 000074950 | | 99 CENTRAL STREET, STOUGHTON, MA 02072 USA |
| DIAMOND REALTY CORPORATION | 043426184 | 000621917 | 54 ORIENT AVENUE, MELROSE, MA 02176 USA |
| DIAMOND REALTY TRUST | T00002517 | | 31 HANNON ST, DORCHESTER,, MA USA |
| DIAMOND REBAR, INC. | 000838457 | | 525 BEAVER ST, FRANKLIN, MA 02038 USA |
| DIAMOND RENT-A-CAR, INC. | 043584808 | 000804067 | 297 MEDFORD ST., SOMERVILLE, MA 02143 USA |
| DIAMOND RESTORATIONS, INC. | 043278145 | 000500934 | 134 POLASKI AVE, CHICOPEE, MA 01020 USA |
| DIAMOND RETAIL SERVICES, INC. | 000847942 | | 7823 US HIGHWAY 158, STOKESDALE, NC 27357 USA |
| DIAMOND RIDGE, INC. | 000237485 | 042917704 | 1160 WESTFIELD ST., W. SPRINGFIELD, MA 01089 USA |
| DIAMOND ROCK FARM,INC. | 042663729 | 000144177 | SHIRLEY RD., LUNENBURG, MA 01462 USA |
| DIAMOND ROLLER CORP. | 000190847 | | INFOSEARCH INC.,SUITE 314, 11 BECON ST., BOSTON, MA 02108 USA |
| DIAMOND SALES COMPANY,INCORPORATED | 060787208 | | 2446 ALBANY AVE., W. HARTFORD, CT 06117 USA |
| DIAMOND SALVAGE & SERVICES, INC. | 000713896 | 000000000 | 4095 COUNTY ST., SOMERSET, MA 02726 USA |
| DIAMOND SAVINGS AND LOAN COMPANY | T00011928 | | STATE ST BANK & TRUST CO, 225 FRANKLIN ST, BOSTON, MA USA |

| | | | |
|---|---|---|---|
| DIAMOND SCREW MANUFACTURING CO., INC. | 042497077 | | 32 NICKERSON RD, ASHLAND, MA 01721 USA |
| DIAMOND SECURITY SYSTEMS, INC. | 043448438 | 000643161 | 407 WALPOLE ST., CANTON, MA 02021 USA |
| DIAMOND SEMICONDUCTOR GROUP, INC. | 043159238 | 000397113 | 30 BLACKBURN CENTER, GLOUCESTER, MA 01930 USA |
| DIAMOND SEMICONDUCTOR GROUP, LLC | 043376320 | | 30 BLACKBURN DRIVE, GLOUCESTER, MA 01930-0000 USA |
| DIAMOND SHAMROCK CHEMICALS COM | 340683539 | | 1100 SUPERIOR AV, CLEVELAND, OH 44114 USA |
| DIAMOND SHAMROCK CORPORATION | 340683539 | | 1100 SUPERIOR AV, CLEVELAND, OH 44114 USA |
| DIAMOND SKATE SHARPENER COMPANY, INC. | 043011717 | 000274980 | 3 EVAN ST., SAUGUS, MA 01906 USA |
| DIAMOND SKILLS BASEBALL CAMP, INC. | 043049371 | 000297827 | P. O. BOX 1523, 65 BOWKER STREET, WORCESTER, MA 01601 USA |
| DIAMOND SOLUTIONS, INC. | 000729215 | 000000000 | 125 MT. VERNON ST., LOWELL, MA 01854 USA |
| DIAMOND SPECIALTY PAPER COMPANY, INC. | 042780410 | 000188935 | 5330 E. NASSAU CIR., ENGLEWOOD, MA 80110 USA |
| DIAMOND SPECIALTY PAPERS CO., | 042780410 | 000188935 | 5330 E. NASSAU CIR., ENGLEWOOD, MA 80110 USA |
| DIAMOND SPRING HOUSING CORPORATION | 042658224 | 000142200 | 151 TREMONT ST., BOSTON, MA 02111 USA |
| DIAMOND SPRING REALTY TRUST | T00004790 | | 420 COMMON ST, LAWRENCE,, MA USA |
| DIAMOND STAFFING SERVICES, INC. | 000764367 | 000000000 | 65 MERRIMACK ST., LAWRENCE, MA 01843 USA |
| DIAMOND STAFFING, INC. | 000850138 | | 146 WEST BOYLSTON DRIVE, WORCESTER, MA 01609 USA |
| DIAMOND STAR INC. | 042997550 | 000269294 | P.O. BOX 676, 327 GIFFORD ST., FALMOUTH, MA 02541 USA |
| DIAMOND STEEL CONSTRUCTION COMPANY-YOUNGSTOWN, THE | 341103561 | | 8720 RAUB AV, YOUNGSTOWN, OH 44512 USA |
| DIAMOND STONE REALTY, LLC | 202647359 | | 52 SWANSON CT, B-32, BOXBOROUGH, MA 01719 USA |
| DIAMOND STOP, INC. | 000833409 | | 15732 TUSTIN VILLAGE WAY, SUITE A, TUSTIN, CA 92680 USA |

| | | | |
|---|---|---|---|
| DIAMOND SUPPLY CO., INC. | 000180704 | | 10 ALDERNEY WAY, LYNNFIELD, MA 01940 USA |
| DIAMOND SYSTEMS CORPORATION | 043080542 | 000299961 | 828 CENTRE ST., #1, JAMAICA PLAIN, MA 02130 USA |
| DIAMOND TAPE PRODUCTIONS,INC. | 000078598 | | 70 WARREN AVENUE, CHELSEA, MA 02150 USA |
| DIAMOND TAXI, OF LOWELL, INC. | 041246170 | | 128 WARREN ST, LOWELL, MA 01853 USA |
| DIAMOND TECH INDUSTRIES INC. | 000280503 | | P.O. BOX 370, D.T.I., WORCESTER, MA 01602 USA |
| DIAMOND TECHNOLOGIES ASSOCIATES, INC. | 000800674 | | 20 DAVIS ST., SAUGUS, MA 01906 USA |
| DIAMOND TECHNOLOGIES, INC. | 043360464 | 000572094 | 6 CLOCK TOWER PLACE, SUITE 130, MAYNARD, MA 01754 USA |
| DIAMOND TENNIS, INC. | 042490385 | | 147 MAIN ST, MAYNARD, MA 01745 USA |
| DIAMOND TOOL & DIE CO., INC. | 042219910 | | 946 SARATOGA ST., EAST BOSTON, MA 02128 USA |
| DIAMOND TRADING CORPORATION OF BOSTON | 000076681 | | 19 CONGRESS STREET, BOSTON, MA 02109 USA |
| DIAMOND TRANSPORT CORP. | 042156876 | | 28 MAPLECREST DR, SOUTHBORO, MA 01772 USA |
| DIAMOND TRANSPORTATION CORP. | 000668540 | 000000000 | 333 METHUEN ST., LAWRENCE, MA 01841 USA |
| DIAMOND TRAVEL, INC. | 042886017 | 000227063 | 231 SPRING ST., SHREWSBURY, MA 01545 USA |
| DIAMOND TREATMENT CENTERS, INC. | 000309819 | | 128 TECHNOLOGY CENTER, WALTHAM, MA 02254 USA |
| DIAMOND TRIUMPH AUTO GLASS, INC. | 000610076 | 000000000 | 220 DIVISION ST., KINGSTON, PA 18704 USA |
| DIAMOND TRUCK LEASE CORPORATION | 043082561 | 000329820 | 48 SIXTH RD., WOBURN, MA 01801 USA |
| DIAMOND TRUCKING, INC. | 000863136 | | 12 JAMES STREET, TAUNTON, MA 02780 USA |
| DIAMOND TURNING, INC. | 000839223 | | 11 GARDEN RD., LOWELL, MA 01852 USA |
| DIAMOND UNIFORM RENTAL SERVICE, INC. | 042216652 | | 30 BUCKLEY RD., STOUGHTON, MA 02072 USA |
| DIAMOND UNIVERSAL CORPORATION | 000827528 | | 247 WASHINGTON STREET, STOUGHTON, MA 02072 USA |
| | | | 27 INDUSTRIAL |

| DIAMOND USA INC. | 043185055 | 000424062 | AVE., CHELMSFORD, MA 01824 USA |
|---|---|---|---|
| DIAMOND V.A.L. TRADING CO., INC., THE | 043222165 | 000456448 | 111 PERKINS ST., JAMAICA PLAIN, MA 02130 USA |
| DIAMOND WALLS INCORPORATED | 000867742 | | 11 ISLAND VIEW, WEYMOUTH, MA 02189 USA |
| DIAMOND WALNUT GROWERS, INC. | 000847107 | | 1050 SOUTH DIAMOND ST., STOCKTON, CA 95205 USA |
| DIAMOND WATER SYSTEMS, INC. | 043064620 | 000313769 | 1 BIGELOW ST., HOLYOKE, MA 01040 USA |
| DIAMOND WEST DEVELOPMENT CORPORATION. | 042934321 | 000244702 | 152 REED ST., LEXINGTON, MA 02173 USA |
| DIAMOND WHOLESALE, INC. | 043251013 | 000481269 | 105 LESLIE RD., WALTHAM, MA 02451 USA |
| DIAMOND WINDOWS & DOORS MFG., INC. | 043159065 | 000400168 | 99 E. COTTAGE ST., DORCHESTER, MA 02135 USA |
| DIAMOND WINE, INC. | 042837700 | 000209004 | 14A ELIOT STREET, CAMBRIDGE, MA 99999 USA |
| DIAMOND'S LLC | 000669787 | | MARKETPLACE CENTER,C/O C.LINDSAY, 200 STATE ST., 3RD FLOOR, BOSTON, MA 02109-0000 USA |
| DIAMOND'S MAGIC, INC. | 043316330 | 000537489 | 515 LOWELL ST., PEABODY, MA 01960 USA |
| DIAMOND'S MOTEL, INC. | 030348813 | | 2 CHURCH ST., SUITE 3G, BURLINGTON, CT 05401 USA |
| DIAMOND-A,INC. | 042727472 | 000169492 | 8 SUMMER RD., BERLIN, MA 01503 USA |
| DIAMOND-OPHIR OPTICS, INC. | 042947427 | 000248156 | 260-A FORDHAM RD., WILMINGTON, MA 01887 USA |
| DIAMOND-ROLTRAN, INC. | 000754137 | 000000000 | 95 ROCK ST., LOWELL, MA 01854 USA |
| DIAMOND.COM, LLC | 043481691 | 000670272 | 32 NEWELL DR., FRANKLIN, MA 02038-0000 USA |
| DIAMOND/SINACORI, LLC | 200269980 | 000850881 | 7 HARCOURT ST., C/O MERRILL H. DIAMOND, BOSTON, MA 02116 USA |
| DIAMOND/SUNSWEET INC. | 942275981 | | P.O. BXO 1727, 1050 S. DIAMOND ST., STOCKTON, CA 95201 USA |

<--- Previous 150    |    Next 150 --->    |    New Search

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved



**Diamond**
**Dental**
**Staffing, Ltd.**

"A cut above the rest"

13306 117th Ave NE
Kirkland, WA 98034
Phone: 425.821.0337
Fax: 425.823.2278
Email:
rgordon@diamond-dentstaff.com
*Toll Free!*   1.866.683.0337

Employee Services
Employer Services
Interview Request
Who We Are
Contact Us
Permanent Jobs
Temporary Jobs
News Newsletter

**Home**

Welcome to...

# Diamond Dental Staffing, Ltd.

Diamond Dental Staffing, Ltd. provides permanent and temporary employment services exclusively for the dental community of Western Washington. We pride ourselves on going the extra mile to make your experience with us pleasant and your relationship with us long term.



Whether you have staffing needs in your practice or you are looking for a permanent or temporary position, Diamond Dental Staffing, Ltd. brings the two of you together. The search for the right staff member or the right position for you is streamlined, using today's technology for the job of tomorrow.

We look forward to working with you at Diamond Dental Staffing, Ltd.

Copyright© 2002 Diamond Dental Staffing, Ltd.
Read Our Privacy Policy
12660  Visitors!

Designed & Developed By:
TENTONWEB

# DIAMOND MEDICAL STAFFING



**Pictured: Dave Shelly. Missing from photo: Christine Sullivan, Amanda Shelley**

**Seeking assistance with caring for your loved one is a most difficult decision. We at Diamond Medical Home Care want you to know that we understand your apprehension and we will work with you and your loved one to develop the plan of care that best meets your needs.**

**Diamond Medical Home Care, Inc., offers a variety of home care services. Services are available to you from one to 24 hours per day. Diamond Medical Home Care offers home care services such as companionship, safety monitoring, medication management, at home adult day care, and post-op recovery assistance.**

**To have information mailed to you or to schedule a consultation call (717) 335-3444. Diamond Medical Home Care, Inc. is located at 1235 North Reading Road, Stevens, PA.**

 Return To THE SHOPPING NEWS Home Page

Back To Local Business Page

## Arizona Corporation Commission

### State of Arizona Public Access System

**File Number: L-1046936-2**
**Corp. Name: DIAMOND STAFFING SERVICES, L.L.C.**

### Domestic Address

545 W BROADWAY #107
MESA, AZ 85210

### Statutory Agent Information

**Agent Name:** VERNON L NICHOLAS

**Agent Mailing Address:**
PO BOX 5901
MESA, AZ 85211

**Agent Physical Address:**
40 N CENTER ST #202
MESA, AZ 85201

**Agent Status:** APPOINTED 09/25/2002
**Agent Last Updated:** 10/24/2002



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts
02108-1512
Telephone: (617) 727-9640

---

*DIAMOND STAFFING SERVICES, INC.* **Summary Screen**

Help with this form

---

Request a Certificate

**The exact name of the Domestic Profit Corporation:** DIAMOND STAFFING SERVICES, INC.

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 000764367

**Old Federal Employer Identification Number (Old FEIN):** 000000000

**Date of Organization in Massachusetts:** Aug 8 2001

**Date of Voluntary Dissolution:** 03/25/2002

**Current Fiscal Month / Day:** 12 / 31          **Previous Fiscal Month / Day:** 01 / 01

**The location of its principal office in Massachusetts:**
No. and Street:     65 MERRIMACK ST.
City or Town:       LAWRENCE          State: MA     Zip: 01843     Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:                    State:        Zip:        Country:

**The name and address of the Registered Agent:**
Name:              ROBERT G. COFFILL, JR.
No. and Street:    7 QUAIL RUN
City or Town:      ANDOVER           State: MA     Zip: 01810     Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
|-------|------------------------------------------------|---------------------------------------------------------------|------------------------|

Small Business Policy.

12/11/2001: DEP issued a Unilateral Administrative Order to the Massachusetts Highway Department for violations of a Superseding Order of Conditions issued June 11, 1999 for reconstruction of the Calvin Coolidge Bridge on Route 9 in Hadley. The UAO requires immediate re-establishment of erosion controls, weekly inspection reports, and submission of a construction debris disposal plan. DEP also issued a UAO to the general contractor, Cianbro Corp., for violations of the Wetlands Protection Act. This UAO requires immediate re-establishment of erosion controls, prior approval of any new work, and submission of a restoration plan for an impacted riverfront area. DEP assessed MassHighway $700 and Cianbro $4,200.

12/10/2001: An ACO with Sunoco, Inc. of Wareham resolved failure to submit a Phase II Report upon completion of response actions.

12/10/2001: Village Mall Realty, Inc. agreed in an ACOP to correct waste site cleanup violations and pay a $12,350 penalty in a case involving property at 315 Hartford Turnpike in Shrewsbury. Specifically, Village Mall Realty failed to conduct an IRA in accordance with DEP approvals, submit initial and subsequent IRA status reports, tier classify, submit an audit follow-up plan, respond to a PIP petition, and correctly score NRS score sheets.

12/6/2001: Raymond Vargas, d/b/a Diamond Staffing Services Inc., of Lawrence finalized an ACOP for asbestos violations. Diamond, a licensed asbestos contractor who provides contract day labor to other asbestos companies, had improperly removed asbestos at a site in Worcester. The ACOP assessed a $3,500 penalty.

12/6/2001: An ACOP was executed with Urbano and Sarah Rosario of Worcester for improperly removing and handling asbestos at their home. The ACOP assessed a $15,000 penalty but waived $14,500, as documents proved a financial inability to pay the full amount.

12/5/2001: Indian Hill Partnership in Worcester was assessed a $10,000 penalty in an ACOP for erosion and siltation to off-site wetland resource areas. The ACOP requires immediate improvements to erosion and drainage controls and restoration or compensation for an off-site pond that was silted.

12/5/2001: United Parcel Service, Inc., with property at 315 Hartford Turnpike, Shrewsbury, executed an ACOP with a $5,000 penalty for failure to notify DEP within two hours of a release of diesel fuel. The ACOP also addressed violations hazardous waste management, air quality and industrial wastewater violations.

12/4/2001: An ACOP with a $5,000 penalty was executed with Eastern Etching & Manufacturing Co., Chicopee, to address NPDES permit discharge violations. The company will connect to the POTW and develop an EMS. The ACOP suspends $2,500 of the penalty.

12/4/2001: In an agreement with DEP, and pending approval by bankruptcy court, Waste Systems Inc. will pay $24,160 to resolve a 1999 consent order involving solid waste violations at Turner Trucking & Transfer station in Lynn.

12/4/2001: DEP finalized an ACOP with Sencorp Systems, Inc. of Barnstable