IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> DIAMOND STAFFING, INC ) <br> ) <br> Defendant ) | CIVIL ACTION NO:05-40046-FDS |

L.R. 56.1 CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
THE MOTION OF DEFENDANT DIAMOND STAFFING, INC.
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO F.R.C.P. 12(b)(6) AND F.R.C.P. 56(c) OR, IN THE ALTERNATIVE, FOR
AN ORDER COMPELLING THE PLAINTIFF TO POST A BOND

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond") and provides the following concise statement of material facts:

1. The Plaintiff is a Delaware corporation conducting its business in the state of New Hampshire. (Plaintiff's Complaint, ¶ 3)

2. The Plaintiff is a home-based business with apparently fewer than three employees.[1]

3. The Plaintiff has been in business for about three years. (Plaintiff's Complaint, ¶ 3)

4. The Plaintiff's business is limited to permanent placement in the jewelry industry; advertising for its business, as demonstrated by the Plaintiff's Complaint and other filings, is limited to specialized jewelry industry periodicals and targeted marketing to jewelry store owners. (Plaintiff's Complaint, ¶ 4, and exhibits)

---

[1] Based upon the laws regulating home-based businesses in Derry, New Hampshire

5. The Plaintiff failed to file for federal trademark protection when it commenced business under the name of Diamond Staffing Solutions, Inc. in 2002. (Affidavit of Mary Casey, ¶ 4)

6. Diamond is a Massachusetts corporation, approximately three years old, engaged in the placement of temporary personnel. (Affidavit of Francis Vaccaro, ¶ 4, Affidavit of Mary Casey ¶ 3)

7. Diamond maintains a weekly payroll of approximately 1400-1600 people. (Affidavit of Francis Vaccaro, ¶ 4, and exhibits).

8. Diamond has ten offices, seven in Massachusetts and three in New Jersey. Affidavit of Mary Casey ¶ 3)

9. Diamond does not provide permanent placement in the jewelry industry (Affidavit of Francis Vaccaro, ¶ 11).

10. Diamond does not have an office in New Hampshire. (Affidavit of Francis Vaccaro, ¶ 12)

11. Diamond produces annual sales of between $21,000,000 and $40,000,000 (Affidavit of Francis Vaccaro, ¶ 7).

12. Diamond has spent in $84,000 in 2004 to build its name and reputation in the Commonwealth of Massachusetts. (Affidavit of Francis Vaccaro, ¶ 10)

13. Diamond has state trademark rights in the Commonwealth of Massachusetts since December 3, 2003 (Affidavit of Mary Casey ¶ 5), and filed for federal trademark rights with the Patent and Trademark Office on November 8, 2003 (Affidavit of Mary Casey ¶ 5).

14. The Plaintiff made a filing subsequent to that date. (Records of the Patent and Trademark Office)

15. Diamond is a common name for corporations in the Commonwealth of Massachusetts, as is shown by Exhibit A to Diamond's memorandum.

16. Other companies throughout the United States use some derivation of the Diamond name, including Diamond Dental Staffing, Ltd in Kirkland, Washington, Diamond Medical Staffing in Stevens, Pennsylvania and Diamond Staffing Services, L.L.C in Mesa Arizona, as shown by Exhibit A.

17. In the autumn of 2004, the informed Annie Moore that the Plaintiff had received no orders intended for Diamond. (Affidavit of Annie Moore, ¶4)

18. The only confusion between the two companies arose because *the Plaintiff* made an error in installing an e-mail system, conduct attributable to the Plaintiff's acts and conduct, not Diamond's business conduct. (Affidavit of Mark Donabedian ¶5)

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #656250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: May 5, 2005