UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIAMOND STAFFING SOLUTIONS, INC.,

                              Plaintiff,

v.                                                   Civil Action No. 05-40046-FDS

DIAMOND STAFFING, INC.,

                              Defendant.

## L.R. 56.1 STATEMENT OF DISPUTED FACTS

Pursuant to Local Rule 56.1, the plaintiff, Diamond Staffing Solutions, Inc. ("Diamond Staffing Solutions$^{SM}$") submits the following concise statement of the material facts of record as to which it is contended that (at a minimum) there is a genuine issue to be tried:

1.     Diamond Staffing Solutions$^{SM}$ commenced using the Diamond Staffing Solutions$^{SM}$ and Diamond Staffing$^{SM}$ service marks (collectively, the "Marks") within the Commonwealth of Massachusetts in the spring of 2002. Affidavit of Suzanne DeVries, dated May 9, 2005, ¶ 4, at 2 ("DeVries Aff."); Second Affidavit of Suzanne DeVries, dated May 20, 2005, ¶ 1, at Exh. 1 ("DeVries Aff.-2")

2.     Based on its use of the Marks in commerce in the Commonwealth of Massachusetts in 2002 and 2003, Diamond Staffing Solutions$^{SM}$ gained priority-of-use over the Marks within Massachusetts. DeVries Aff., ¶¶ 4-5, at 2; DeVries Aff.-2, ¶ 1, at Exh. 1.

3.     Diamond Staffing Solutions'$^{SM}$ business is not limited solely to placing personnel in the jewelry industry, as it has recently been retained to search for personnel in the area of giftware by Swarovski A.G. DeVries Aff., ¶ 10, at 3. There is significant overlap in the services offered by plaintiff and defendant. Id.; and see DeVries Aff.-2 generally.

BOS1494542.1

4. There is significant actual confusion in the general public, as well as among prospective consumers of the parties' services, regarding the association of the two parties, and/or the origin, sponsorship or approval of the services offered by the parties. DeVries Aff., ¶ 12 at 4; DeVries Aff.-2, ¶¶ 2-3, at Exh. 2-3.

5. There is significant overlap among the channels of advertisement and promotion engaged in by the parties, such as the solicitation of candidates on www.monster.com. DeVries Aff. ¶ 15, at 4-5.

6. DSI was aware of Diamond Staffing Solutions[SM] and the services offered at www.diamondstaffing.com at or around the time it commenced doing business in the fall of 2003. DeVries Aff., ¶ 16, at 5.

7. DSI was the intended defendant in an MCAD lawsuit last year which was served on Diamond Staffing Solutions[SM]. DeVries Aff.-2, ¶ 4, Ex. 4.

8. Neither Ms. DeVries nor, to the best of her knowledge, anyone at Diamond Staffing Solutions[SM] has spoken to Annie Moore of DSI regarding the issues set forth in her affidavit. DeVries Aff., ¶ 13, at 4.

                    DIAMOND STAFFING SOLUTIONS, INC.

                    By its attorneys,

                    __/s/ Gina M. McCreadie_____
                    Nicholas G. Papastavros (BBO#635742)
                    Michael L. Cornell (BBO # 651405)
                    Gina M. McCreadie (BBO # 661107)
                    NIXON PEABODY LLP
                    100 Summer Street
                    Boston, MA 02110-2131
                    (617) 345-1000 (telephone)
                    (617) 345-1300 (facsimile)

Dated:  May 20, 2005