UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIAMOND STAFFING SOLUTIONS INC.,

    Plaintiff,

v.

DIAMOND STAFFING, INC.,

    Defendant.

Civil Action No. 05-40046-FDS

## STIPULATED PROTECTIVE ORDER

The parties hereto, by and through their respective counsel, hereby stipulate and agree, pursuant to Fed. R. Civ. P. 26(c), that the following Protective Order shall govern discovery in this action:

1. The term "Confidential Information" is hereby defined as all information that the designating party reasonably and in good faith believes, constitutes or discloses private information about individuals, or proprietary data or commercial information that the designating party has maintained in confidence, is under an obligation to maintain in confidence or is not generally available to the public.

2. Each party who produces or discloses any documents, discovery responses or other information that it wishes to designate as Confidential Information shall do so by marking each page of the designated document or writing with the legend "CONFIDENTIAL" or by designating the material as Confidential Information in correspondence between counsel sent contemporaneously with the production of such material.

3. All materials designated "CONFIDENTIAL" shall only be exhibited to parties; their respective counsel and employees; and the Court and all persons assisting the Court in this

action. The parties' consultants and experts may also access materials designated as "CONFIDENTIAL," but only after said consultants and experts execute and deliver to opposing counsel a statement in the form of Exhibit A, attached hereto, which attests to their agreement to be bound by the terms of this Protective Order.

4. No party or individual set forth in paragraph (3) shall use Confidential Information in any manner whatsoever except for preparation for litigation. Nor shall any party or individual set forth in paragraph (3) give, show, disclose, communicate or make available Confidential Information to any individual, firm, corporation, or other entity not expressly authorized by this order to receive such Confidential Information.

5. All Confidential Information used as exhibits to or incorporated in any other manner in briefs, memoranda, deposition transcripts or other documents filed with the Court shall be protected as follows: to the extent that any brief, memorandum, deposition transcript or other document submitted to the Court incorporates or refers to the substance of any Confidential Information, such brief memorandum, deposition transcript or other document or portion hereof shall be filed under seal.

6. In the event that any party believes that another party has improperly designated information as Confidential Information, the objecting party shall notify the designating party of its objection within three (3) business days after the document containing the designation is served on the objecting party. The objecting party and the designating party shall thereafter meet and confer in attempt to resolve their dispute concerning the designation and if unable to resolve their disputes, the objecting party shall file a motion requesting a change in the designation within seven (7) days after the document containing the designation is served. Pending resolution of any objection to the confidentiality designation, such designation shall remain in full force and effect.

7. No party to this Protective Order has admitted or conceded (or shall be deemed to have admitted or conceded by agreement to the entry of this Order) that any document or other materials designated as "CONFIDENTIAL" by any other party are confidential, proprietary or otherwise protectable under appropriate law. The fact that documents and/or other materials have been designated as "CONFIDENTIAL" shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documentation or information, at the time of trial or otherwise.

8. Nothing in this Protective Order shall prevent (1) a party's use of its own Confidential Information, and (2) disclosure of Confidential Information with the written consent of counsel for the party which made said designation.

9. The parties agree to submit this Order to the Court for approval. All parties agree to be bound by the terms herein, however, from the time of execution by the parties' attorneys (who are authorized to execute this Order on behalf of the parties) and prior to any action by the Court. The parties also agree to comply with any decision eventually made by the Court. Even if the Court fails to endorse this Order as an order of the Court, however, the parties agree to be contractually bound by the terms hereof.

10. Within sixty (60) days of the final conclusion of this action, including, without limitation, any appeal or retrial, all counsel and every person to whom Confidential Information has been disclosed shall either (i) return to Outside Counsel for the designating party all such Confidential Information, including all copies thereof, with the exception that counsel of record may retain for their files one copy of any papers served or filed in this action, including any such papers that contain or disclose Confidential Information; or (ii) destroy all such Confidential Information and certify in writing said destruction.

11. The obligations of this Order shall survive the termination of this action and continue to bind the parties and all persons referred to in Paragraph 3 above or who have executed confidentiality agreements in the form attached hereto as Exhibit A. The parties and all such persons consent to the exclusive jurisdiction of this Court for any litigation concerning this Order. This Court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

12. This Protective Order is subject to modification should the parties and/or their counsel should so agree at a later date.

DIAMOND STAFFING, INC.

By its attorneys,

_____
Robert N. Meltzer (BBO# 564745)
P.O. Box 1459
Framingham, MA 01701
(508) 872-7116 (telephone)

DIAMOND STAFFING SOLUTIONS, INC.

By its attorneys,

_____
Nicholas G. Papastavros (BBO# 635742)
Michael L. Cornell (BBO # 651405)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000 (telephone)
(617) 345-1300 (facsimile)

SO ORDERED this ____ day of _____, 2005.

_____
Saylor, J.