IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO:05-40046-FDS |
| ) | |
| DIAMOND STAFFING, INC ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND CROSS MOTION FOR PRODUCTION OF APPROPRIATE RESPONSE BY THE PLAINTIFF TO THE DEFENDANT'S REQUEST FOR REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond Staffing") and opposes the Plaintiff's Emergency Motion To Compel Production of Documents. The Defendant also asks this Court to compel an appropriate response to the Defendant's Request for Production of Documents. As grounds for this Opposition, Diamond Staffing states as follows:

1. The Plaintiff has filed this motion seeking to compel Diamond Staffing to produce certain e-mails requested in its document request.

2. Diamond Staffing has no such e-mails, and responded to the request with an unequivocal reply that it had no such documents.

3. The Plaintiff has moved to compel on baseless grounds that Diamond Staffing cannot understand. The motion seems to be based upon the prior existence of a misdirected e-mail addressed in the body of the message to Diamond Staffing Solutions and Suzanne DeVries but received by Diamond Staffing. The message contained the clear and unambiguous message at the bottom that read "if you are not the intended recipient, please contact the sender and delete all copies." Diamond Staffing did just that.

4. Considering the language that failure to do so "may be a violation of law," Diamond Staffing was certainly under no obligation to violate the law, or to disregard the instructions of the owner. The e-mail was not a business record of Diamond Staffing and there was no reason to preserve it.

5. However, the existence of one e-mail does not imply the existence of other e-mails.

6. The Plaintiff also seems to be making much of the fact that the employees of Diamond Staffing didn't put on deer stalker hats and conduct a search of the carpet's microfibers looking for other e-mails. Simply, sometimes a party does not need to search for something it knows it does not have. If the Plaintiff had demanded from Diamond Staffing a green suede couch in its reception room, no one has to go to look to determine if one is there if the company knows it doesn't have one.

7. Nonetheless, at the suggestion of the court, Diamond Staffing has sent an e-mail regarding this issue, and an Affidavit of Mark Donabedian is attached hereto. There are no e-mail communications, as previously stated in the document response.

8. The Plaintiff's suggestion of spoliation of evidence is equally baseless, and seems to be just one more attempt to harm the reputation of the Defendant. In order to raise an issue of spoliation of evidence, the threshold requirement must be the existence of "evidence" to destroy. Here, the Plaintiff cannot even identify any admissible evidence that was destroyed. The accusation of spoliation should be summarily rejected.

For the foregoing reasons, that the Defendant has no documents to produce, that it never had any documents to produce, that it didn't claim to be withholding documents, that it

responded truthfully to the document request and that it has provided the attached affidavit at the request of the Court, the Motion to Compel must be DENIED.

**CROSS MOTION FOR PRODUCTION OF APPROPRIATE RESPONSE TO THE DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF**

Now comes Defendant, Diamond Staffing, and requests that this Honorable Court strike the Plaintiff's response to the Defendant's Request for Production of Documents as non-compliant with rule 34.

Rule 34(b) states that "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."

On or about May 27, 2005, the Plaintiff produced the attached response to the Defendant's Request for Production of Documents, as well as a mountain of nearly 600 pages of documents, none of them organized and labeled to correspond with the categories in the request. The responses themselves simply directed the Defendant to wade through the documents.

For example, Request 27 requested proof any damages being sustained by the Plaintiff. After interposing objections, the Plaintiff "states that it will produce the responsive, non-privileged documents in its possession, custody or control, if any, and to the extent that such production will not include Plaintiff's financial information."

By way of another example, Request 31 read "With respect to the allegation of your Complaint that 'Defendant, on information and belief, took note of Plaintiff's success, and on information and belief, determined to capitalize on Plaintiff's reputation and success…' provide any documentation to support said allegation." The Plaintiff provided an evasive reply.

The same is true with every category of request.

3

The Defendant brought to the attention of Plaintiff's counsel that it was impossible to correlate the document production response with the mountains of documents.

After meeting and conferring, Plaintiff's counsel agreed to produce a cross-listed directory of the documents. Defendant's counsel send the enclosed letter on June 8, 2005 confirming the understanding, and Defendant's counsel refrained from raising this issue in a motion to the Court on June 9, 2005 when the parties were before the Court. The Defendant's counsel requested prompt production of the corrected response, as Defendant's counsel would be out of the office most of Friday and all of Monday.

Plaintiff's counsel sent the attached response on June 13, 2005, knowing full well that Defendant's counsel was home for a religious holiday, and that the deposition of Suzanne DeVries was due to begin on the morning of June 14, 2005.

The document response is non-responsive. It is simply impossible to determine from the mountain of disorganized documents if responsive documents exist, or how they correlate to the claims made by the Plaintiff in this lawsuit. Defendant is entitled to compliance with rules so that it can develop a full understanding of the allegations made.

Defendant therefore requests an order that the Plaintiff

1. correlate the documents as required by F.R.C.P. 34
2. if no documents exist, respond to the request with an unambiguous "none"
3. if documents are being withheld based upon privilege or some other basis, that a privilege log by created so that the Court may address the dispute.
4. permit the Defendant to continue the deposition of Suzanne DeVries after the corrected response is provided.

5. grant any briefing extensions necessitated by the Plaintiff's failure to comply with Rule 34; and

6. Any further relief deemed necessary and appropriate by the Court.

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

_____
Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: June 14, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC )<br>)<br>    Plaintiff                    )<br>)<br>v.                                  )<br>)<br>DIAMOND STAFFING, INC        )<br>)<br>    Defendant          )| CIVIL ACTION NO:05-40046-FDS |

AFFIDAVIT of MARK DONABEDIAN

In the matter of a trademark dispute between Diamond Staffing, Inc. and Diamond Staffing Services, I swear or say under penalty of perjury:

1. I, Mark Donabedian, am an employee of Diamond Staffing, Inc.

2. I have personal knowledge of the facts of the case.

3. On June 10, 2005 I sent an email to all Diamond Staffing, Inc. employees, copy of which is attached, asking them to let me know whether they were the recipients of misdirected emails intended for staff of Diamond Staffing Solutions, Inc.

4. I received responses from 40 employees (representing all employees except one who was offsite), copies of which are attached.

Signed under pains and penalty of perjury this _14_ th day of June, 2005.

_____
Mark Donabedian

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid, and fax, to:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

Robert N. Meltzer

June 14, 2005

CERTIFICATE OF COMPLIANCE WITH L.R.37.1

Pursuant to Local Rule 37.1, the parties have met and conferred by telephone to discuss the discovery dispute subject to the attached motion, and the parties have apparently been unable to resolve the dispute without the aid of the Court.

                                        Respectfully Submitted,
                                        **Diamond Staffing, Inc.**
                                        By its attorney,

                                        Robert N. Meltzer, BBO #564745
                                        P.O. Box 1459
                                        Framingham, MA 01701
                                        Phone: (508) 872-7116

Dated: June 14, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.