UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIAMOND STAFFING SOLUTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND STAFFING, INC.,<br><br>Defendant. | Civil Action No. 05-40046-FDS |

## DIAMOND STAFFING SOLUTIONS' MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR ENTRY OF SANCTIONS AND/OR, IN THE ALTERNATIVE, TO COMPEL RESPONSES TO DEPOSITION QUESTIONS

On June 9, 2005, this Court denied Defendant Diamond Staffing, Inc.'s ("DSI") Motion for a Protective Order regarding the deposition of Mary Casey, the attorney who advised DSI regarding the adoption of its name in the summer and/or fall of 2003.[1]  In its Order, the Court stated that "there is no claim of attorney/client privilege or work product" and that Casey's deposition "is conceded to be not only relevant, but highly relevant."  The Court stated conclusively to DSI counsel, "[y]ou've raised an advice of counsel defense that whatever privilege might otherwise attach is --- is gone and she is to testify about these trademark issues. It's as simple as that."  Transcript of June 9, 2005 Hearing at 4-5, 12 (Exhibit 1 attached hereto).

Notwithstanding this, Ms. Casey *refused* to answer numerous questions at her June 17, 2005 deposition, relying on the wholly inapplicable "shield" of attorney-client privilege.  For example:

---

[1]    On May 9, 2005, this Court explicitly ordered expedited discovery regarding the "circumstances surrounding the registration of [Diamond Staffing, Inc.'s] domain name" and the "circumstances surrounding the name change of the defendant to Diamond Staffing, Inc."  Transcript of May 9, 2005 Hearing at 34-35 (Exhibit 2 attached hereto).

BOS1503211.1

- In pre-clearing names for DSI in the summer of 2003, Ms. Casey located a description of the plaintiff Diamond Staffing Solutions℠ after running an internet search on a search engine. Ms. Casey "relayed" the results of her search to her client, but when asked "what she advise[d] her client," she followed the instruction not to answer from DSI's attorney on grounds of attorney-client privilege. Deposition of Mary Casey, dated June 17, 2005, at 94-95 (attached hereto as Exhibit 3) ("Casey Dep.").[2]

- When asked whether she had any discussions with anyone at DSI regarding the running of a full service mark search report on the term "Diamond Staffing," Ms. Casey was again instructed not to answer on grounds of attorney-client privilege, and followed the instruction. Casey Dep. at 102-03 (Ex. 3); and

- When asked about the "sum and substance of [her] discussion with [DSI President Frank] Vaccaro" in the summer of 2003 regarding possible new names for the company, Ms. Casey was "instructed not to answer on the terms of these conversation" and followed the instruction. Casey Dep. at 82-83 (Ex. 3).

This conduct clearly and unambiguously violates the terms of the June 9 Order. The instructions not to answer issued by Mr. Meltzer -- and the refusal to respond by Ms. Casey – are particularly egregious considering that both counsel were present at the June 9 hearing and presumably understood the scope of the Order. Under well-established precedent, this misconduct is imputed to DSI. Pursuant to Fed. R. Civ. P. 37(b)(2), Diamond Staffing Solutions℠ requests the Court to enter the following relief:

- An Order (i) establishing that DSI acted in bad faith when it adopted its name in 2003 with knowledge of the existence of Diamond Staffing Solutions℠, or (ii) precluding DSI from contesting that it acted in bad faith when it adopted its name (see Fed. R. Civ. P. 37(b)(2)(A) & (B)); and

- An Order compelling DSI and/or Ms. Casey to pay the expenses relating to this matter, including expenses and attorneys' fees relating to the June 17, 2005 deposition of Mary Casey and the compilation of the instant Motion.

---

[2] The instructions not to answer in the Casey deposition are bracketed in Exhibit 3 attached hereto. It is important to note that plaintiff *is not* seeking sanctions for Ms. Casey's refusal to answer questions relating to the former entities with which Mr. Vaccaro was associated to which Ms. Casey rendered legal advice; rather, the request for sanctions is predicated solely on Ms. Casey's refusal to answer questions concerning Diamond Staffing, Inc. and the selection of its name in 2003.

2

In the alternative, Diamond Staffing Solutions[SM] requests this Court to compel

Ms. Casey to respond to each of the questions that were not answered during the course

of Ms. Casey's deposition (and award reasonable expenses).[3]

## ARGUMENT

**A.    Plaintiff Is Entitled To Fed. R. Civ. P.  37(B)(2) Sanctions Based On The Misconduct of DSI and Its Counsel.**

Fed. R. Civ. P. 37(b)(2) provides, in pertinent part, that:

If a party...fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts *shall be taken to be established* for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order *refusing to allow the disobedient party to support or oppose designated claims or defenses*, or prohibiting that party from introducing designated matters in evidence...

In lieu of any of the foregoing orders *or in addition thereto*, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure...(emphasis added).

Courts have been willing to enter preclusion orders -- such as that now sought by plaintiff --

based on misconduct like that committed here by DSI *regardless of whether that conduct*

*constitutes flagrant or repeated violation of court orders.*  Haydock & Herr, Discovery Practice,

§ 31.05[D], at 31-23 (4th ed. 2004) (Exhibit 4 attached hereto); and see Nike, Inc. v. Wolverine

World Wide, Inc., 43 F.3d 644, 648 (Fed. Cir. 1994) (striking of claim appropriate sanction for

---

[3]    Counsel concur that the deposition of Attorney Casey is to continue regardless of the ruling on this Motion, since she was only available from approximately 9:00 AM through 1:00 PM on June 17, 2005.  Casey Dep. at 115 (Ex. 3)

failure to comply with oral discovery order); Fashion House, Inc. v. K Mart Corporation, 892

F.2d 1076, 1081-82 (1st Cir. 1989) (exclusion of evidence on damages based on failure to

respond to related interrogatory); Sheppard v. River Valley Fitness One, L.P., 203 F.R.D. 56, 60

(D. N.H. 2001) (preclusion of testimony based on failure to produce documents); Great Northern

Storehouse, Inc. v. Peerless Insurance Company, No. CIV. 00-7-B, 2000 WL 1901266, *4 (D.

Me. Dec. 29, 2000) (sanction precluding defense witness from testifying regarding advice of

counsel either as ground for denying plaintiffs' insurance claim or as a ground for challenging

plaintiffs' claims for breach of the covenant of good faith and fair dealing, based on prior use of

the attorney-client privilege as a sword) (Exhibit 5 attached hereto).  Moreover, "a party cannot

avoid the consequences of its attorney's unexcused conduct."  Sheppard, 203 F.R.D. at 60;

Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983); and see Scola v. Beaulieu

Wielsbeke, N.V., 131 F.3d 1073, 1075 (1st Cir. 1997) ("[p]etitioner voluntarily chose this

attorney as his representative in the action, and he cannot now avoid the consequences of the acts

and omissions of this freely selected agent" (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-

634 (1962))).

The June 9 Order is crystal clear: DSI's reliance on advice of counsel as the basis for its

defense that it operated in good faith in selecting the "Diamond Staffing" name waived the

attorney-client privilege, and plaintiff was entitled to depose Ms. Casey on issues relating to

DSI's selection of its domain name and corporate name.  In the face of this Order, Mr. Meltzer

instructed Ms. Casey not to answer the following questions, and Ms. Casey followed his

instructions:

- The nature of between *four and ten discussions* in the summer of 2003 between
Mr. Vaccaro, DSI's CEO, and Ms. Casey regarding (a) a new company Mr.
Vaccaro was considering establishing and (b) names for that company (Casey
Dep. at 77-81, 83-84 (Ex. 3);

4

- The nature of the goods and services that the new company was going to be offering (Id. at 90-91 (Ex. 3));

- The advice rendered to DSI in 2003 after Ms. Casey ran an internet search of "Diamond Staffing" through a search engine and came up with, among other things, a reference to *the plaintiff Diamond Staffing Solutions*<sup>SM</sup> (Id. at 92-94 (Ex. 3));

- The advice rendered to DSI regarding the advisability of running a full search report with the search service Thomson & Thomson in 2003 (Id. at 101-02 (Ex. 3);

- The advice given to Mr. Vaccaro regarding the availability of "Diamond Staffing, Inc." as a name for a company (Id. at 102-03 (Ex. 3);

- Discussions with DSI regarding the articles of organization for the new company (Id. at 107 (Ex. 3)); and

- The nature of *two separate discussions* with Mr. Vaccaro at or around the time DSI learned of Diamond Staffing Solutions'<sup>SM</sup> objection to the use of the term "Diamond Staffing" in the fall of 2003 (Id. at 110-115 (Ex. 3)).

(emphasis added). DSI's significant stonewalling and discovery misconduct has made it impossible to determine, among other things, *what* advice Ms. Casey gave to DSI in the summer and fall of 2003 regarding the adoption and use of the corporate name, and whether DSI's *reliance* on the advice was reasonable. These issues are at the core of the advice of counsel defense.

The sanction which naturally flows from such misconduct is a finding that DSI was operating in bad faith when it chose the name "Diamond Staffing, Inc." for its company. Discovery sanctions should be "specifically related to the particular claim which was at issue in the order to provide discovery." Big Top, Inc. v. The Wittern Group, 183 F.R.D. 331, 339 (D. Mass. 1998); Fashion House v. K Mart Corp.., 892 F.2d 1076, 1081 (1st Cir. 1989); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982). If DSI refuses to permit inquiries into the advice rendered by its counsel regarding the selection of the

corporate name, then the sanction should be an order establishing that DSI acted in bad faith in adopting its name and refusing to permit it to offer evidence to the contrary. See Fed. R. Civ. P. 37(b)(2)(A) and (B). This is clearly justified by DSI's actions and permitted under Rule 37 and governing caselaw.[4] Moreover, this is a narrowly tailored remedy, particularly when compared to a dismissal or judgment by default (which is often predicated on "willful disobedience" of repeated court orders). See Big Top, 183 F.R.D. at 340.

In addition to the foregoing sanction, Diamond Staffing Solutions[SM] requests that this Court award it the reasonable expenses, including attorneys' fees, caused by DSI's misconduct. This includes all expenses and attorneys' fees relating to (i) the June 17, 2005 Casey deposition and (ii) the instant motion. Repayment of said expenses is *mandatory* in the event a party fails to obey an order to provide or permit discovery. See Fed. R. Civ. P. 37(b)(2) ("the Court *shall* require the party failing to obey the order or the attorney advising that party or both to pay reasonable expenses, including attorneys' fees"); and see Legault v. Zambrano, 105 F.3d 24 (1st Cir. 1997). If the Court agrees with Diamond Staffing Solutions'[SM] contention that DSI is in violation of the prior court order and should pay such expenses, then Diamond Staffing Solutions[SM] will promptly submit an itemized list of the expenses for the court' review.

**B.    In The Alternative, Attorney Casey Should Be Compelled
        To Respond To The Unanswered Questions.**

While Diamond Staffing Solutions[SM] contends that the foregoing remedy is appropriate and justified under the circumstances, to the extent the Court disagrees, Diamond Staffing Solutions[SM] requests this Court to compel the resumption of the deposition and to compel Ms. Casey to answer all questions relating to the selection of the name "Diamond Staffing, Inc." for

---

[4]    "Trial judges have considerable discretion in the selection and imposition of sanctions," which is reviewable only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); Barreto v. Citibank N.A., 907 F.2d 15, 16 (1st Cir. 1990).

6

the new company in or about 2003, including all communications with DSI and the questions

bulleted above on pp. 4-5, Diamond Staffing Solutions[SM] also believes that this alternative relief

should be accompanied by an award of reasonable expenses, including attorneys' fees.

## CONCLUSION

Based on the foregoing, Diamond Staffing Solutions[sm] respectfully requests this Court to

enter:

- An Order (i) establishing that DSI acted in bad faith when it adopted its name in 2003 with knowledge of the existence of Diamond Staffing Solutions[SM], or (ii) precluding DSI from contesting that it acted in bad faith when it adopted its name (see Fed. R. Civ. P. 37(b)(2)(A) & (B)); and

- An Order compelling DSI and/or Ms. Casey to pay the expenses relating to this matter, including expenses and attorneys' fees relating to the June 17, 2005 deposition of Mary Casey and the compilation of the instant Motion; or, in the alternative,

- An Order (i) compelling Ms. Casey to answer all questions relating to the selection of the name "Diamond Staffing, Inc." for the new company in 2003 (including all communications with DSI and the questions bulleted on pp. 4-5 of the Memorandum of Law), and (ii) compelling Ms. Casey and/or DSI to pay the expenses relating to this matter, including expenses and attorneys' fees relating to the June 17 deposition and the instant Motion.

Respectfully submitted,

DIAMOND STAFFING SOLUTIONS, INC.

By its attorneys,

Nicholas G. Papastavros, BBO #635742
Michael L. Cornell, BBO #651405
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: June 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail(by hand) on 6/27/05

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.