UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND STAFFING, INC., <br><br> Defendant. | Civil Action No. 05-40046-FDS |

**AFFIDAVIT OF LUCY DARLING**

I, Lucy Darling, under oath, depose and say as follows:

1. I am an adult resident of New Hampshire and make this Affidavit based upon my own knowledge. This Affidavit is made in support of Plaintiff's Motion for Preliminary Injunction. I have personal knowledge of the facts set forth in this Affidavit, and would be competent to testify thereto.

2. I am currently employed with Diamond Staffing Solutions,℠ located at 5 Remington Court, Derry, New Hampshire.

3. On June 22, 2005, I received a call from Michelle Zdunczyk from the Commonwealth of Massachusetts Department of Transitional Assistance ("DTA").

4. Ms. Zdunczyk asked me if Diamond Staffing Solutions℠ was associated with Defendant Diamond Staffing, Inc. ("DSI") of Worcester, Massachusetts. The stated reason for her inquiry was that she wanted to register a complaint about an employee of DSI.

5. I indicated that Diamond Staffing Solutions℠ was not affiliated with DSI, and asked Ms. Zdunczyk what the nature of her complaint was.

BOS1507771.1

6. She responded that she wanted to register a complaint about an employee of DSI who was extremely rude. She explained the sequence of events as follows:

   a. Ms. Zdunczyk's client previously worked for DSI, and needed DSI to fill out a government form verifying the dates of her employment. The form was in Spanish, as her client was Spanish-speaking.

   b. During a visit to DSI's office by her client, the man at DSI's office that spoke with her client about this matter was very rude. DSI's employee simply refused to fill out the form for her client, despite the presence of a translator willing to translate the form into English. He asked why DTA would expect DSI to fill out a form that was in Spanish.

   c. Thereafter, Ms. Zdunczyk contacted DSI on her client's behalf to follow up on this matter. The situation was not resolved.

7. I asked Ms. Zdunczyk how she mistakenly found Diamond Staffing Solutions'$^{SM}$ contact information instead of DSI's.

8. Ms. Zdunczyk indicated that she went onto the internet, and typed "Diamond Staffing" into a search engine. She said that she was very confused because the result included "Diamond Staffing Solutions," which brought her to Plaintiff's website and phone number.

9. Throughout the course of the conversation with Ms. Zdunczyk, she repeatedly and emphatically stated that Defendant's employee with whom she spoke was extremely rude and a bigot.

10. Ms. Zdunczyk also told me that that she felt that DSI should not be in the staffing business, and that Diamond Staffing Solutions$^{SM}$ should have a disclaimer on its website that it is "not affiliated with Diamond Staffing, Inc."

Signed under the pains and penalties of perjury this 8th day of July, 2005.

_Lucy Darling_
Lucy Darling