IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO:05-40046-FDS |
| ) | |
| DIAMOND STAFFING, INC ) | |
| ) | |
| Defendant ) | |

DEFENDANT DIAMOND STAFFING, INC.'s MOTION TO
STRIKE THE AFFIDAVIT OF LUCY DARLING AS INADMISSIBLE HEARSAY NOT
SUBJECT TO ANY EXCEPTION

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond" or "the Defendant") and moves to strike the Affidavit of Lucy Darling filed in apparent support of the Plaintiff's Motion for Preliminary Injunction. As grounds for this motion, Defendant notes that the affidavit consists of inadmissible hearsay.

The Affidavit of Lucy Darling relates a conversation between Darling and Michelle Zdunczyk, of the Massachusetts Department of Transitional Assistance. Zdunczyk relates a dispute that she had with one of Diamond Staffing's employees on some unspecified date at some unspecified place. The narrative is a one-sided accusation by Zdunczyk pertaining to events that Zdunczyk did not observe, and Zdunczyk's reaction to events that she did not observe. The affidavit relates a story that Lucy Darling heard, from a person who heard the story from someone who apparently experienced the incident. It is multiple hearsay. The affidavit is apparently submitted to support the notion of "confusion," and apparently to support the contention that the Plaintiff is suffering some form of irreparable harm.

The Court has recognized that statements that might ordinarily be construed as hearsay may be considered as subject to exception in very limited circumstances. In Boston Athletic

Association v. Sullivan et al, 867 F.2d 22, 31 (1st. Cir. 1989), the Court noted that a lower court "refused to consider...[an affidavit]...holding that it was inadmissible hearsay. We think that the account was not hearsay, however, because it was not 'offered in evidence to prove the truth of the matter asserted'....The statement was made to prove that the defendants' shirts were in fact officially authorized, but rather to show that the declarant, a member of the public, believed that they were officially authorized..." citing Fed. R. Evid. 801(c).

In CCBN.com Inc. v. C-Call.Com Inc., 73 F.Supp. 2d 106,113 (D.Mass 1999), the Court noted that "statements of customer confusion in the trademark context fall under the 'state of mind exception' to the hearsay rule...of Fed. R. Evid 803(3).

However, both of these cases are entirely consistent with the law pertaining to customer confusion, which states that in order to make a case of trademark infringement, the Plaintiff would be required to show actual confusion *by customers*. Astra Pharmaceutical Products, Inc. v. Beckman Instruments, Inc., 718 F.2d 1201,1206 (1st Cir. 1983)("If likelihood of confusion exists, it must be based on the confusion of some relevant person, i.e. a customer or purchaser.")

In order for statements which might ordinarily be hearsay to be subject to the exception of 803(3), the statement must be made by a relevant person.

In the case at bar, the Plaintiff is submitting an affidavit in which the declarant is relating a story told to her by a non-relevant individual about an incident that happened to a different individual which was not witnessed by the declarant in order to show confusion or harm to the Plaintiff.[1] The Massachusetts Department of Transitional Assistance is not one of the Plaintiff's

---

[1] The statement is not only hearsay, but also irrelevant. It also strains credibility that the opinion of an employee of the Massachusetts Department of Transitional Assistance is so vital that her opinion can rock the foundations of the Plaintiff's reputation. In other words, her opinion is grossly irrelevant to the analysis the Plaintiff is attempting to place before the Court.

2

customers. The Massachusetts Department of Transitional Assistance is not of the Defendant's customers.

Thus, the affidavit relates hearsay, and not subject to any exception.

Wherefore, the Affidavit of Lucy Darling, relating this hearsay, should be stricken.

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: July 14, 2005

3

CERTIFICATE OF COMPLIANCE WITH L.R.7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the parties have met and conferred by telephone to discuss the dispute subject to the attached motion, and the parties have apparently been unable to resolve the dispute without the aid of the Court.

Respectfully Submitted,<br>
**Diamond Staffing, Inc.**<br>
By its attorney,<br>
<br>
_____<br>
Robert N. Meltzer, BBO #564745<br>
P.O. Box 1459<br>
Framingham, MA 01701<br>
Phone: (508) 872-7116

Dated: July 14, 2005

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid to:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

_____
Robert N. Meltzer

July 14, 2005