IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> DIAMOND STAFFING, INC ) <br> ) <br> Defendant ) | CIVIL ACTION NO:05-40046-FDS |

OPPOSITION OF DEFENDANT DIAMOND STAFFING, INC.
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY BRIEF OR, IN THE
ALTERNATIVE, TO RESPOND TO THE CONTENTS OF THE BRIEF WITHIN 10 DAYS

Now comes the Defendant, Diamond Staffing, Inc. ("Diamond") and opposes the Plaintiff's Motion to File a Reply Brief one day prior to the hearings in this matter. The Reply Brief contains an additional 18 pages of argument which fails to add anything new whatsoever.

The Plaintiff states that the reply brief is necessary "to respond to factual and legal misstatements in Defendant's opposition papers." The Defendant notes that each factual statement in its brief is indexed to a document which was provided to the Court. Further, each legal principal is clearly cited, and the Defendant trusts that this Court can read and find these cases if necessary. In addition, these so-called "misstatements" are not misstatements, but the Plaintiff's alternative spin on these cases which adds nothing new, factually or legally, to the matter before the court.

Both parties have submitted legal briefs that approach 30 pages. Both parties consented to briefs in excess of 20 pages so that everything could be said. Clearly, this matter has been fully briefed; both parties have demonstrated an ability to write exhaustive legal treatises on trademark infringement, and both parties could, apparently, write, ad nauseum, on the topic.

At some point, this Court must draw the line on the extent of briefing. Counting the original brief, the Plaintiff has now submitted approximately 48 pages of authority. The Defendant could respond to its concerns about the Plaintiff's latest brief, and so on. The rules, in its infinite and merciful wisdom, limit the number of pages for a reason.

The Reply adds nothing new to this case. It is untimely, being filed one day prior to the hearings on the matters before the Court. The Defendant requests that this Court either reject this untimely and unnecessary reply, or that the Defendant be given ten days to comment upon it.

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorney,

_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: July 27, 2005

CERTIFICATE OF SERVICE

 I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by hand, on:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

                _____
                Robert N. Meltzer

July 27, 2005