UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND STAFFING, INC.,<br><br>Defendants. | Civil Action No. 05-40046-FDS |

### [PROPOSED] FIRST AMENDED VERIFIED COMPLAINT

### INTRODUCTION

Since May, 2002, plaintiff Diamond Staffing Solutions, Inc. ("Plaintiff") has quickly grown from a start-up business placing personnel in one chain of jewelry stores to a fast-growing business which places temporary and permanent personnel with wholesale and retail establishments in the jewelry industry nationwide. Plaintiff has now provided staffing services to approximately tens of renowned customers under the Diamond Staffing$^{SM}$ mark (hereinafter "Diamond Staffing$^{SM}$") and has been repeatedly profiled in leading jewelry industry publications along with its founder and Chief Executive Officer, Suzanne DeVries.

The Defendant, Diamond Staffing, Inc. ("Defendant") is a company formerly known as Ultimate Personnel. As Plaintiff's business began to blossom in the summer and fall of 2003, Defendant, on information and belief, took note of Plaintiff's success, and, on information and belief, determined to capitalize on Plaintiff's reputation and success by changing its name from Ultimate Personnel to Diamond Staffing, Inc. This

name change is causing substantial confusion in the marketplace, given the identical "Diamond Staffing" name, similar staffing services offered by the companies, and overlapping customer base.

Plaintiff accordingly petitions this Court to enjoin on a preliminary and permanent basis Defendant's service mark infringement, to order impoundment of all infringing items, including labels, brochures, advertisements, and wrappers, and to award Plaintiff damages, including but not limited to damages stemming from Defendant's unfair trade practices.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391 (b) & (c).

## PARTIES

3. Plaintiff, Diamond Staffing Solutions, Inc. ("Plaintiff") is a Delaware corporation with a principal place of business at 5 Remington Court, Derry, NH.

4. Plaintiff is in the business of providing permanent and temporary staffing to retail and wholesale business entities in the jewelry industry.

5. On information and belief, the Defendant, Diamond Staffing, Inc., is a Massachusetts corporation with a principal place of business at 146 West Boylston Drive, Worcester, MA.

6. On information and belief, the Defendant is also in the business of providing professional staffing services, to a cross-section of business sectors, including but not limited to companies in the jewelry industry.

## FACTS

7. Plaintiff first used Diamond Staffing$^{SM}$ in commerce in May 2002, in connection with providing staffing services in the jewelry industry.

8. When Plaintiff first used Diamond Staffing$^{SM}$ in commerce in May 2002, Defendant's company was known as "Ultimate Personnel."

9. Upon information and belief, Defendant changed its name from Ultimate Personnel to Diamond Staffing, Inc. in or about November 2003.

10. In its applications for federal and state trademark recognition of Diamond Staffing$^{SM}$, Defendant has admitted that it first used Diamond Staffing$^{SM}$ on November 8, 2003.

11. Plaintiff's use of Diamond Staffing$^{SM}$ more than 18 months prior to the first use of the mark by the Defendant gives Plaintiff common law rights to the exclusive use of the mark.

12. Between May 2002 and November 2003, Plaintiff built substantial goodwill and name recognition for Diamond Staffing$^{SM}$ in the jewelry industry through news articles, stories and profiles published throughout the U.S., sponsorship and attendance at national trade shows, as well as by virtue of the high quality of its professional staffing services. Indeed, Plaintiff's founder and President, Suzanne DeVries ("DeVries") is a contributing writer to the jewelry industry trade magazine *Professional Jeweler* and has been quoted as an industry leader in various other major trade publications such as *JCK* and *In Your Store*. Examples of the goodwill established by Plaintiff prior to the Defendant's first use of Diamond Staffing$^{SM}$ in November 2003 are attached hereto at **Exhibit A**.

13. Moreover, Plaintiff has advertised in print nationally and has been the subject of profiles in a variety of trade publications. Plaintiff and DeVries have also been the subject of testimonials by leaders in the jewelry industry, including but not limited to, Carla Corp., Evan James, and Helzberg Diamonds. As a result of these promotional vehicles, Plaintiff developed extensive goodwill and has established a secondary meaning for Diamond Staffing$^{SM}$ to the extent that Plaintiff's services have come to be identified with Diamond Staffing$^{SM}$ in the minds of consumers of professional staffing services. Examples of Plaintiff's goodwill and reputation are attached hereto as **Exhibit B**.

14. On December 5, 2003, Plaintiff's prior counsel informed Defendant in writing that Defendant's use of Diamond Staffing$^{SM}$ in connection with its staffing services infringed Plaintiff's rights in the mark. Plaintiff's prior counsel demanded that, among other things, Defendant cease and desist from using Diamond Staffing$^{SM}$ in connection with staffing services. A copy of the cease and desist letter is attached hereto as **Exhibit C**.

15. On December 23, 2003, Defendant, through counsel, responded to Plaintiff's cease and desist letter by refusing to discontinue its use of the mark. A copy of Defendant's December 23, 2003 response letter is attached hereto as **Exhibit D.**

16. Since Defendant began using Diamond Staffing$^{SM}$, Plaintiff has received emails intended for Defendant, and Plaintiff is also aware that Defendant has received customer inquiries intended for Plaintiff. A copy of an email intended for Plaintiff but sent to Defendant by a prospective customer of Plaintiff is attached hereto as **Exhibit E.** Plaintiff has lost business opportunities as a result of this actual confusion.

17.     In September 2004, Plaintiff was named as a defendant in a discrimination action filed with the Massachusetts Commission Against Discrimination (MCAD). The complainant in MCAD action intended to sue Defendant but, due to the similarity of names, the complainant mistakenly sued the wrong party. In October 2004, the complainant amended her MCAD complaint to dismiss Plaintiff and bring charges of discrimination against Defendant. A copy of a letter to the MCAD outlining the complainant's confusion is attached hereto as **Exhibit F**.

18.     Between December 5, 2003 and the filing of this action, Plaintiff's prior counsel contacted Defendant via email and in writing on multiple occasions in attempts to resolve the confusion and reach a business solution. Defendant refuses to cease and desist from using Diamond Staffing$^{SM}$.

19.     After attempts to resolve this trademark dispute without the need for litigation, Plaintiff opposed Defendant's federal trademark registration by filing a Notice of Opposition with the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board on or about November 3, 2004. A copy of Plaintiff's opposition is attached hereto as **Exhibit G**.

20.     As a result of consumer confusion regarding the identities of the parties and as a result of Defendant's conduct, Plaintiff's goodwill and reputation has been misappropriated by Defendant, causing Plaintiff damages as well as substantial harm which cannot adequately be compensated for by monetary damages.

21.     Defendant currently only conducts business in Massachusetts, New Jersey, Connecticut, Rhode Island, New York, and Pennsylvania. Deposition of Francis G. Vaccaro, dated June 1, 2005 (hereinafter "Vaccaro Dep.") at pp. 46-56. Plaintiff has also

learned that Defendant's use of Diamond Staffing[SM] in each of these states post-dates the Plaintiff's first use of the mark in May 2002. Id.

22. Because Defendant intends to expand its business on the east coast of the United States (Vaccaro Dep. at pp. _____), Plaintiff's rights in Diamond Staffing[SM] are at risk of being infringed upon in each state where Plaintiff currently conducts business and where Defendant intends to expand.

Count I – Trademark Infringement (15 U.S.C. § 1125(a))

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20, supra, as if fully set forth herein.

24. Plaintiff has used the Diamond Staffing[SM] mark in commerce; the mark, by itself, is not functional in any way; and the mark is distinctive because, at a minimum, it merely suggests the type of services Plaintiff provides.

25. The Diamond Staffing[SM] mark has also acquired secondary meaning in the minds of consumers in the jewelry industry through Plaintiff's extensive advertising, name recognition and rapidly increasing number of personnel placements.

26. On information and belief, Defendant has chosen its name with the intention of creating confusion with Plaintiff and to capture goodwill generated by Plaintiff in the temporary and permanent personnel placement industry.

27. Defendant's provision of services utilizing the name "Diamond Staffing" has caused and is likely to cause confusion, cause mistake, or deceive customers concerning, among other things, the origin, sponsorship or approval of the personnel services being provided.

28. Plaintiff has suffered, and will continue to suffer, damages as a result of Defendant's conduct, as well as harm which cannot be adequately compensated for by money damages.

### Count II – Impoundment and Destruction (15 U.S.C. § 1118)

29. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-26, supra, as though fully set forth herein.

30. Based on Defendant's unlawful activities, Plaintiff understands that Defendant is continuing to infringe Plaintiff's mark. Plaintiff requests that Defendant be required to retrieve and surrender for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the infringing mark.

### Count III - Unfair and Deceptive Acts and Practices (Mass. Gen. Laws ch. 93A)

31. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-28, supra, as though fully set forth herein.

32. Plaintiff and Defendant are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

33. Defendant's unfair and deceptive business practices in the conduct of commercial business occur primarily and substantially in Massachusetts.

34. The foregoing conduct by Defendant constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

35. Through the unfair and deceptive acts and practices described herein, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct. Plaintiff has also suffered damage to its reputation and other nonpecuniary harm. Unless Defendant's conduct is enjoined, Plaintiff will continue to suffer irreparable injury that

cannot adequately be calculated or compensated for by monetary damages. Accordingly, in addition to damages Plaintiff seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

36. By using Diamond Staffing[SM] and/or confusingly similar designations in connection with the sale, offering for sale, and/or advertising of services to the general public, Defendant has intentionally and knowingly violated Plaintiff's rights. Accordingly, Plaintiff is entitled to a judgment of up to three times its damages, together with reasonable attorneys' fees, pursuant to Mass. Gen. Laws ch. 93A, § 11.

<u>Count IV – Declaratory Judgment (28 U.S.C. §2201)</u>

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-36, <u>supra</u>, as though fully set forth herein.

38. Plaintiff's first use of Diamond Staffing[SM] was in May 2002 and is currently national in scope.

39. Defendant's first use of Diamond Staffing[SM] anywhere in the U.S. post-dates the Plaintiff's first use in May 2002.

40. Defendant currently only conducts business in Massachusetts, New Jersey, Connecticut, Rhode Island, New York, and Pennsylvania.

41. Because Defendant intends to expand its business on the east coast of the United States, Plaintiff's rights in Diamond Staffing[SM] are at risk of being infringed upon in each state where Plaintiff currently conducts business and where Defendant intends to expand.

42. An actual controversy exists sufficient to satisfy the prerequisites set forth in 28 U.S.C. §2201, as defendant has expressed its intention to expand its business to other states on the "east coast" where plaintiff already conducts business.

43. Plaintiff seeks a declaratory judgment that it has exclusive rights to Diamond Staffing$^{SM}$ in all jurisdictions in which defendant has expressed an intent to conduct business.

**WHEREFORE,** Diamond Staffing Solutions, Inc. respectfully requests that this Court grant the following relief:

(1) Preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(c) enjoining Diamond Staffing, Inc. from:

- Offering staffing services under the name "Diamond Staffing" or "Diamond Staffing, Inc.", with or without the $^{SM}$ symbol;

- Offering staffing services under such a name as to falsely relate or connect, or tend to relate or connect, such name to Diamond Staffing Solutions, Inc. or Diamond Staffing$^{SM}$;

- Engaging in any other activity calculated to cause purchasers of services to believe that the staffing services offered by Diamond Staffing, Inc. are actually those of Diamond Staffing Solutions, Inc.;

- Directing Diamond Staffing, Inc. to file with the Court and serve upon Diamond Staffing Solutions, Inc. within thirty days from the service on the defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction;

(2) Order Defendant to retrieve and surrender for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the infringing mark;

(3) Enter judgment in Diamond Staffing Solutions, Inc.'s favor on each of the counts asserted herein and award it damages in an amount to be determined at trial,

doubled and trebled where appropriate pursuant to Mass G. L. 93A and/or other applicable law;

(4) A declaration that Plaintiff has exclusive rights to Diamond Staffing[SM] in all jurisdictions in which defendant has expressed an intent to conduct business.

(5) Award Diamond Staffing Solutions, Inc. the costs incurred in bringing this action, including its reasonable attorneys' fees;

(6) Award Plaintiff exclusive rights to Diamond Staffing[SM] in any state where Defendant's use of the mark post-dates Plaintiff's first use of the mark; and

(7) Award Diamond Staffing Solutions, Inc. such further relief as the Court deems just, proper and equitable.

Date: July 22, 2005

DIAMOND STAFFING SOLUTIONS, INC.

By its attorneys,

_____
Nicholas G. Papastavros (BBO#635742)
Michael L. Cornell (BBO # 651405)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000 (telephone)
(617) 345-1300 (facsimile)

## VERIFICATION

I, Suzanne DeVries hereby state under the pains an penalties of perjury that I am the President of Diamond Staffing Solutions, Inc. and that the allegations contained herein are true to the best of my knowledge, except as to those allegations made upon information and belief, and as to those allegations, I believe them to be true.

_____
Suzanne DeVries

Date: 7/22/05

BOS1502726.1

11