IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS INC )<br>)<br>    Plaintiff                    )<br>)<br>v.                                        )<br>)<br>DIAMOND STAFFING, INC         )<br>)<br>    Defendant                   ) | CIVIL ACTION NO:05-40046-FDS |

ANSWER OF DEFENDANT DIAMOND STAFFING, INC.
TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND COUNTERCLAIM

Now comes the Defendant, Diamond Staffing, Inc. and answers Plaintiff's Amended Verified Complaint as follows:

1. The Defendant accepts the jurisdiction of this Court.

2. The Defendant accepts the venue of this Court.

3. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

4. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

5. Admitted.

6. The Defendant admits it provides staffing services to a cross-section of business sectors, but denies that it has provided services to companies in the jewelry business, although it reserves the right to do so.

7. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

8. The Defendant denies that it was ever known as Ultimate Personnel. As to the remaining allegations, the Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

9. Denied.

10. The Defendant states that any such documents speak for themselves.

11. Denied.

12. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

13. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

14. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts. The Defendant further notes that the document speaks for itself, and that the letter itself has no legal effect, as no infringement was transpiring.

15. The document speaks for itself. The Defendant admits that it was under no obligation to discontinue use of its own mark.

16. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts. The Defendant

further notes that the document speaks for itself, and that the document itself has no legal consequence.

17. The Defendant lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. The Defendant further notes that the document speaks for itself, and that the document itself has no legal consequence.

18. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts. Further, the document speaks for itself. The Defendant admits that it was under no obligation to discontinue use of its own mark.

19. The document speaks for itself. As for the motivations of the Plaintiff, the Defendant lacks sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

20. Denied that any actual confusion exists. Denied that the Plaintiff has sustained any harm. Denied that the Defendant misappropriated the Plaintiff's goodwill or reputation, or that goodwill or reputation existed to be harmed.

21. Denied. The federal documents speak for themselves.

22. Denied.

23. The Defendant restates its answers to paragraphs 1-22 and incorporates them by reference as if specifically stated herein.

24. Denied. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

25. Denied. The Defendant denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

26. Denied.

27. Denied.

28. Denied.

29. The Defendant restates its answers to paragraphs 1-26 and incorporates them by reference as if specifically stated herein.

30. Denied that the Defendant has engaged in any unlawful activities. As to what the Plaintiff understands, the Defendant lacks sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

31. The Defendant restates its answers to paragraphs 1-28 and incorporates them by reference as if specifically stated herein.

32. The Defendant is clearly engaged in trade or commerce within the Commonwealth of Massachusetts. As to whether the Plaintiff is engaged in trade or commerce, the Defendant lacks sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

33. The Defendant denies that any such conduct occurred in Massachusetts or elsewhere.

34. The Defendant denies that any such conduct occurred in Massachusetts or elsewhere.

35. Denied that any such conduct occurred or that the Plaintiff has been harmed in any way.

36. Denied. Admitted only that the Defendant has a lawful right to the use of its Diamond Staffing mark.

37. The Defendant restates its answers to paragraphs 1-36 and incorporates them by reference as if specifically stated herein.

38. Denied. The Defendant further denies that the Plaintiff has the right to use the "sm" designation in the Commonwealth of Massachusetts.

39. The Defendant denies the Plaintiff's claim of first use, and therefore denies any allegations in this count.

40. Denied.

41. The Defendant denies the Plaintiff's right to use the "sm" designation in the Commonwealth of Massachusetts, and denies that the Defendant is engaging in any improper use of its trademark rights.

42. Denied.

43. The Defendant denies the Plaintiff's right to use the "sm" designation in the Commonwealth of Massachusetts, and denies that the Plaintiff has the right to seeks such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a cause of action upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred as moot.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring suit.

### EIGHTH AFFIRMATIVE DEFENSE

The claim is barred by the doctrine of prior settlement.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS

### **COUNTERCLAIM**

1. Plaintiff in Counterclaim, Diamond Staffing, Inc. (DSI) is a Massachusetts corporation with a principal place of business at 146 West Boylston Drive in Worcester in the Commonwealth of Massachusetts.

2. Defendant in Counterclaim, Diamond Staffing Solutions, Inc. (DSS) is a Delaware corporation with a principal place of business consisting of a "home based office" in a residence located at 5 Remington Court in Derry, in the State of New Hampshire.

3. Jurisdiction over this matter arises from a federal question of trademark infringement by DSS pursuant to 28 U.S.C.A§§ 1331 and 1338(a) and Lanham Trade-Mark Act, §43(a), 15 U.S.C.A. §1125(a), as DSI has brought this claim to bar DSS from use of DSI's "Diamond Staffing" mark.

4. Venue is proper pursuant to 28 U.S.C.A. § 1391.

5. DSS is infringing on DSI's "Diamond Staffing" mark for which DSI holds a valid Massachusetts registration and has further filed for federal registration.

6. DSI incorporated Diamond Staffing, Inc. in the Commonwealth of Massachusetts on September 15, 2003.

7. DSI started using the name Diamond Staffing, Inc. immediately after incorporation and filed for federal trademark registration on November 12, 2003 under serial #78326647.

8. DSI subsequently obtained state registration of its Diamond Staffing mark in Massachusetts.

9. Immediately upon incorporating, DSI, promptly commenced to establish and protect its trademark rights by engaging in a number of steps and activities that are customarily taken by companies wishing to establish and protect trademark rights; for example, DSI

    a. Obtained telephone listings under the company name,
    b. Caused a website to be created using the name and the Diamond Staffing mark to promote its staffing services,
    c. Applied for both state and federal trademark registration,
    d. Installed signs in each of its retail locations as each of these were opened for business;
    e. Displayed banners and other signs to communicate to the public the opening of the new company,
    f. Ordered business cards and stationery and other related items with the company's name and mark,
    g. Placed advertisements in the local newspapers under the Company name to solicit customers for its placement services, etc.

10. DSI selected the name "Diamond Staffing, Inc." subject to its availability, after making a comprehensive search of the United States Patent and Trademark Office's database, and of the Commonwealth of Massachusetts database and finding that there were no registrants for the mark, "DIAMOND STAFFING."

11. When DSS was established, it never took the basic and customary steps that are taken by most companies wishing to establish or protect trademark rights.

12. DSS did not seek state registration of the Diamond Staffing mark in any state prior to November of 2003.

13. DSS did not seek federal registration of the Diamond Staffing mark at any time prior to November of 2003.

14. Upon information and belief, DSS's failure to protect its rights was caused by the gross negligence of its attorneys and company officers to comply with industry standards and norms, as well as legal requirements for such protection.

15. DSS, having become aware of DSI's existence, and realizing that DSS had failed to take steps to register a trademark, filed, on November 22, 2003 (after DSI), with the USPTO for trademark registration.

16. DSS not only applied for registration of its DIAMOND STAFFING SOLUTIONS mark, but also applied for DIAMOND STAFFING, thereby attempting to appropriate DSI's mark, which it knew DSI had already filed for on November 8, 2003.

17. It was a matter of public record that DSI had filed for registration of the Diamond Staffing mark at the time that DSS attempted to file its registration.

18. In the listing of services, DSS attempted to enlarge the scope of its business from a stated exclusivity to the jewelry industry by claiming the much broader definition of

8

"professional staffing services", thereby further infringing on DSI's mark and, violating PTO requirements that the listing of services not be any broader than the mark's actual usage.

19. By DSS's own admission at the time, as well as by the contents of her website and all other promotional materials presented to the Court, DSS promoted itself as a company "focusing exclusively on the jewelry industry"

20. Despite actual knowledge of DSI's existence, in January of 2004, DSS, further willfully and maliciously infringed on DSI's mark by registering a "dummy" domestic corporation in New Hampshire using the exact name of DSI, "Diamond Staffing, Inc." a business which, to date, has not made any of the requisite filings and is, therefore, not in good standing with the State of New Hampshire.

21. DSS has not been a successful company, and has never developed any relevant degree of market share in any market, nor has its use of the Diamond Staffing mark developed any secondary meaning.

22. DSS made this registration for the sole purpose of interfering with DSI's business in New Hampshire and elsewhere, profiting from DSI's name and reputation, and virtually insuring the potential for confusion between the two companies.

23. DSS subsequently filed a knowingly false and frivolous lawsuit in this Court, with the obvious and improper objectives of interfering with DSI's federal registration and of gaining key information about DSI's clients, customers, markets, revenue, etc., for the purposes of interfering with and harming DSI's business.

24. DSS filed a knowingly false and frivolous lawsuit with the transparent intent of trying to recoup losses to its business caused by the failures of the corporation and its attorneys to take the appropriate measures to protect DSS's claim to a Diamond Staffing mark.

25. DSS availed itself of the information it had gleaned during the lawsuit about DSI's business and wrongfully profited therefrom by expanding its personnel placing efforts under the Diamond Staffing mark to industries outside of the jewelry industry, thereby infringing on DSI's mark.

26. Despite DSS's self-stated exclusive commitment and limitation to serving the jewelry industry, after the commencement of the lawsuit, DSS has expanded into other industries, specifically, giftware, through its contact and sales efforts to Swavroski crystal.

27. DSS has also placed a candidate in the computer industry, an area outside of DSS's sphere but directly in competition with DSI.

28. DSS heretofore had never worked with or placed any candidates outside of the jewelry industry.

29. DSS is willfully infringing on DSI by poaching its customers and clients and by deviously and surreptitiously trying to enlarge the scope of its business to overlap with DSI's, and using its knowledge of DSI's operations to its own benefit.

30. DSS has been engaging in willful and knowing trademark infringement.

31. In doing so, DSS tried to disrupt DSI's business and harmed its good name and reputation.

COUNT I
WILLFUL TRADEMARK INFRINGMENT
15. U.S.C. §1125(a)

32. The Plaintiff in Counterclaim restates paragraphs 1-31 as if specifically stated herein.

33. The facts alleged herein constitute a knowing and willful and malicious infringement on the trademark rights of the Plaintiff in Counterclaim pursuant to 15 U.S.C. §1125(a).

34. DSS's conduct demonstrates that in engages in deliberate falsehood for its own benefit and at the expense of DSI, including three instances in 2003 and 2004 in which DSS wrongfully and deceptively stated on its website that *"Diamond Staffing Inc.™ and Diamond Staffing Solutions Inc.™ are registered Trademarks"* when, in fact, they were not then, nor are they now registered trademarks. See, Exhibit A.

35. DSS's conduct has also demonstrated a tendency to inflate its qualifications, credentials, abilities and successes in a manner that is deceptive and confusing, and which further raises doubts about DSS's ability to conform with the requisite legal duties toward entities such as DSI.

36. It is evident that DSS engages in willful misconduct and has otherwise shown a disregard for legal obligations, and that the willful misconduct and disregard for the law will not cease unless the Court specifically enjoins the Defendant in Counterclaim from engaging in such conduct for the protection of DSI.

37. As a result of the willful and malicious infringement on the Plaintiff in Counterclaim's Diamond Staffing mark, the Plaintiff in Counterclaim has been harmed, and is entitled to injunctive relief, impoundment of infringing materials, damages, attorney's fees and costs.

COUNT II
WILLFUL TRADEMARK INFRINGMENT
M.G.L. c. 110B §11

38. The Plaintiff in Counterclaim restates paragraphs 1-37 as if specifically stated herein.

11

39. The Plaintiff in Counterclaim has registered the Diamond Staffing mark in Commonwealth of Massachusetts.

40. The Defendant in Counterclaim has repeatedly and knowingly and maliciously infringed on the mark, not only by using the Diamond Staffing mark, but by using the "sm" mark within the Commonwealth of Massachusetts, thereby and intentionally creating confusion between the two businesses by suggesting that DSS is DSI.

41. The facts alleged herein constitute a knowing and willful and malicious infringement on the trademark rights of the Plaintiff in Counterclaim pursuant to M.G.L. 110B §11.

42. As a result of the willful and malicious infringement on the Plaintiff in Counterclaim's Diamond Staffing mark, the Plaintiff in Counterclaim has been harmed, and is entitled to injunctive relief, impoundment of infringing materials, damages, attorney's fees and costs.

### COUNT III
### WILLFUL TRADEMARK INFRINGMENT
### M.G.L. c. 93A

43. The Plaintiff in Counterclaim restates paragraphs 1-42 as if specifically stated herein.

44. Both of the parties to this Counterclaim are engaged in trade or commerce within the Commonwealth of Massachusetts.

45. The conduct of Defendant in Counterclaim, of willfully infringing on the Plaintiff in Counterclaim's mark, and of engaging in intentional poaching of business opportunities and trading on the good will and reputation of the Plaintiff in Counterclaim for the benefit of the Defendant in Counterclaim, constitutes unfair and deceptive trade practices as precluded and barred by M.G.L. c. 93A.

As a result of this conduct, the Plaintiff in Counterclaim has been harmed.

WHEREFORE, DSI respectfully requests the following relief:

1. That DSS be enjoined from using the mark DIAMOND STAFFING except in the limited area of personnel staffing services to the jewelry industry, and in a manner that makes clear that Diamond Staffing Solutions is not in any way affiliated with Diamond Staffing, Inc., or its affiliated business enterprises

2. That DSS be permanently enjoined from using the Diamond Staffing mark in a manner that creates confusion between DSS and DSI, including but not limited to the improper conduct of using abbreviations of the Diamond Staffing Solutions name in e-mail or web environments in a manner that creates confusion with the Plaintiff in Counterclaim's lawful use of the diamondstaffinginc.com domain name;

3. That this Court find that DSS incorporated Diamond Staffing, Inc. as a malicious and intentional attempt to sow confusion between DSS and DSI, and that said conduct constitutes a willful and malicious infringement of DSI's mark;

4. That DSS be ordered to dissolve any business registered under the name DIAMOND STAFFING, INC. in New Hampshire and be enjoined from ever registering any business under the name DIAMOND STAFFING, INC. in any jurisdiction.

5. That this Court find that DSS engaged in a knowing and willful infringement of DSI's trademark rights;

6. That this Court find that DSS filed this lawsuit for the transparent purpose of infringing on the Plaintiff in Counterclaim's trademark rights as an act of trademark infringement not subject to immunity;

7. That DSS be ordered to pay for DSI's attorneys' fees associated with all matters relating to the defense of the frivolous lawsuit brought by DSS, and with the bringing of this Counterclaim to enforce its rights to its mark;

8. That this Court order DSS to pay any and all damages incurred by DSI as a result of DSS's conduct, and this Court order DSS to disgorge any unlawful profits derived from usurpation of the mark, that any materials in the possession of DSS which constitute an infringement of the mark be ordered surrendered by DSS to the Court or the Plaintiff in Counterclaim to be destroyed; and

9. Any further relief deemed just and appropriate by this Court.

THE PLAINTIFF IN COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorneys,

_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

_____
Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: October 20, 2005

CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid, to:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

                                                           Robert N. Meltzer

October 20, 2005

Case 4:05-cv-40046-FDS    Document 78    Filed 10/21/2005    Page 16 of 18



Copyright 2004 © Diamond Staffing Solutions, Inc.[SM]

Designed by Idea Outfitters

Diamond Staffing Inc [SM] & Diamond Staffing Solutions Inc.[SM] are registered Trademarks



Copyright 2004 © Diamond Staffing Solutions, Inc.SM
Designed by: Idea Outfitters
Diamond Staffing Inc.SM & Diamond Staffing Solutions Inc.SM are registered Trademarks



Copyright 2003 © Diamond Staffing Solutions, Inc. ™
Designed by: Idea Outfitters
Diamond Staffing Inc ™ & Diamond Staffing Solutions Inc. ™ are registered Trademarks