IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

DIAMOND STAFFING SOLUTIONS INC )
                                )
        Plaintiff               )
                                )
v.                              )        CIVIL ACTION NO:05-40046-FDS
                                )
DIAMOND STAFFING, INC           )
                                )
        Defendant               )

### DEFENDANT, DIAMOND STAFFING, INC.'S PETITION FOR LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS PURSUANT TO L.R. 26.1(c)

Now comes the Defendant, Diamond Staffing, Inc. and requests leave of court to conduct in excess of 10 depositions in this case. Local Rule 26.1(c) restricts each party to ten depositions "unless the judicial officer orders otherwise."

As further grounds for this motion, Diamond Staffing states as follows:

The Plaintiff, a home-based personnel placement company serving the jewelry industry, filed this lawsuit claiming that the Defendant had infringed upon certain common law trademark rights. The Defendant denies all such allegations.

The Defendant has now filed a counterclaim. As was exhaustively demonstrated in prior filings, the Defendant is a national personnel placement company with ten offices in numerous states, and annual sales in the range of $20,000,000 - $40,000,000. The Defendant filed timely registrations of the Diamond Staffing mark in both Massachusetts and at the federal level.

The Defendant's counterclaim alleges that the Plaintiff has interfered in the Defendant's trademark rights, and has interfered in the Defendant's trademark's filings in an effort to remediate the Plaintiff's failure to protect its own rights back in 2002. The counterclaim references specific instances of deceit and falsehood by the Plaintiff which suggests a willful

infringement of the Defendant's protected mark. More so, evidence suggests that the Plaintiff has interfered in the Defendant's business, and has used confusion created by the Plaintiff itself to service customers outside of the jewelry industry. There has been testimony that the Plaintiff has placed a candidate in the computer industry and at Swarovski Crystal, notwithstanding repeated statements by the Plaintiff that it limits its business to the jewelry industry.

The Defendant has also notified the Plaintiff that it intends to file a motion pursuant to F.R.C.P. 19 to implead certain parties who are not yet parties to this case, but who must be added. These new defendants will include Diamond Staffing, Inc., a New Hampshire company created by the Plaintiff's principal in an obvious attempt to interfere with the Defendant's lawful use of that name in New Hampshire. The other additional defendant will be Suzanne DeVries, the principal of both Diamond Staffing Solutions, Inc. and the New Hampshire Diamond Staffing, Inc. It is clear that these two companies are simply alter-egos of Suzanne DeVries. Indeed, she has routinely ignored the corporate form in running these businesses out of her home without any distinction between her and the corporations. She has acted willfully to harm the Defendant.

By any definition, this is complex litigation.

The rules permit 10 depositions per claim. This lawsuit is, in reality, two lawsuits within the same matter. While both cases revolve around the same issue of trademark infringement, the cases have radically different witnesses. The arbitrary designation of 10 witnesses per case makes little sense when the lawsuit really involves two distinct claims.

The Defendant proposes deposing a total of 17 witnesses. These witnesses are narrowly tailored to fit the specific, relevant points of both claims. Indeed, all of these witnesses were identified by the Plaintiff.

2

In denying the Plaintiff's Motion for Preliminary Injunction, the Court stressed that the Plaintiff has the burden of demonstrating that it had established secondary meaning in its name as of October or November of 2003. A number of proposed deponents are key to determining whether Diamond Staffing Solutions had achieved such secondary meaning, and whether Diamond Staffing Solutions had achieved any form of market share in the jewelry placement industry. Laura Resnick worked at JCK, a jewelry industry magazine in which Diamond Staffing Solutions advertised. Mitch Harowitz, another witness identified by the Plaintiff, worked for National Jewelers. The Defendant seeks to depose the person or persons most knowledgeable at Charlotte Cody and Premier Placement, two jewelry placement firms identified by the Plaintiff. Both companies have knowledge of the jewelry placement industry in the relevant time frame in different parts of the country, and both would have knowledge as to the secondary meaning achieved by Diamond Staffing Solutions.

Laurie de Cato worked for Idea Outfitters, the graphics and public relations firm retained by the Plaintiff to develop brand recognition and publicity. It is assumed that Laurie de Cato, as part of her work, developed an understanding of the Plaintiff's business, its strengths and weaknesses, as well as its place in the jewelry staffing area, in order to perform its work for the Plaintiff.

Several witnesses have actual knowledge as to work performed by Diamond Staffing Solutions during the relevant time period. An individual named Jack at Management Recruiters International was identified as a prior employer of Suzanne DeVries, and the likely source of business in the early years of Diamond Staffing Solutions. Ed Dean at Whitehall and Lee Cummings at Helzberg were business contacts for the Plaintiff during the relevant time frame, and will clarify whether they conducted business with the Plaintiff due to her reputation and secondary meaning in the industry, or through a fortuitous connection that contradicts the

3

concept of secondary meaning. Charles Harding was a placement candidate with personal knowledge of Diamond Staffing Solutions' marketing and placement activities during the relevant time period, as is Ted McCarty.

Three witnesses provided affidavits and have otherwise testified as to the business of Diamond Staffing Solutions. These individuals are Lucy Darling of Diamond Staffing Solutions, Mark Olson of Kirchner and John Joseph. Whereas the Plaintiff felt their testimony was relevant enough to be reduced to affidavit form, the Defendant is entitled to cross examine these witnesses on the points sworn to, as well as their personal knowledge foundation for their testimony.

Several witnesses have key testimony relevant to the counterclaim. The Defendant seeks to depose the two companies outside the jewelry industry with which the Plaintiff has been working. These two companies include the mysterious computer company, and Swavrowski Crystal. The Defendant intends to inquire whether these contacts were intended for the Defendant. Two other witnesses have direct and personal knowledge as to the early formation of the company, and the company's failure to secure trademark rights or to enforce alleged trademark rights.

These two witnesses are Curtis DeVries, Suzanne DeVries' ex-husband, who was present at the creation of the company and who, literally, shared a home with the company. At the deposition of Suzanne DeVries, commencing on page 29, Suzanne DeVries testified expansively about her ex-husband's role in preparing incorporation papers and by-laws. Curtis DeVries is also a stock holder, and apparently the person most knowledgeable about the Plaintiff's early business operations. In addition, Curtis DeVries prepared corporate tax returns during the

4

relevant time period. Finally, she testified that Curtis DeVries was actively involved in name selection and trademark usage.

The other witness is Don Mofford, the intellectual property attorney who apparently neglected to protect any trademark rights held by the Plaintiff. In addition, it is believed that Mofford and Curtis DeVries are personal friends, and that any conversations between Mofford and Curtis DeVries relating to the company are likely both relevant and non-privileged.

The Defendant, itself, has narrowed its list of possible witnesses. The Defendant is not seeking to depose three other placement candidates, or seven other customers identified by the Plaintiff. The Defendant has intentionally avoided seeking the depositions of current and valuable customers identified by the Plaintiff. The Defendant is not seeking to depose every employee, past or present, of the Plaintiff. The Defendant is not deposing every magazine or marketing source identified by the Plaintiff. While the Defendant believes other attorneys and accountants have relevant information, the Defendant has self-limited itself to Don Mofford. The Defendant has also elected not to depose every witness who provided an affidavit during the preliminary injunction phase of this case. While the Defendant believes that it has a right to depose these 19 other witnesses, it recognizes its obligation to act reasonably and with discretion.

The witnesses identified herein are the minimum witnesses that must be deposed in order to satisfy the Defendant's legitimate discovery needs in both the underlying claim and the counterclaim.

Each witness has relevant and non-privileged information. The list is reasonable and necessary.

WHEREFORE, the Defendant respectfully requests leave to conduct the depositions of the witnesses identified herein, in excess of the ten permitted by L. R. 26.1(c).

5

Respectfully Submitted,

**Diamond Staffing, Inc.**
By its attorney,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: November 22, 2005

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid, and fax, to:

Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Attn: Nicholas G. Papastavros, Esq.

_____
Robert N. Meltzer

November 22, 2005

CERTIFICATE OF COMPLIANCE WITH L.R.7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), Defendant's counsel certifies that he has met and conferred with Plaintiff's counsel pertaining to this motion by telephone and in person, and that counsel has been unable to resolve this matter without recourse to the court

Respectfully Submitted,
**Diamond Staffing, Inc.**
By its attorney,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: November 22, 2005

8