UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIAMOND STAFFING SOLUTIONS, INC.,

        Plaintiff,

v.

                 Civil Action No. 05-40046-FDS

DIAMOND STAFFING, INC.,

        Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT, DIAMOND STAFFING, INC.'S PETITION FOR LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS PURSUANT TO L.R. 26.1(c)**

  Defendant, Diamond Staffing, Inc. ("DSI") has petitioned this Court for permission to take in excess of ten (10) depositions. While the Court indicated at the Scheduling Conference on November 15, 2005, that it is inclined to permit DSI to depose in excess of 10 witnesses, Plaintiff, Diamond Staffing Solutions, Inc. ("DSS") opposes DSI's petition ("Petition") on the following grounds.

  DSI's attempts to characterize it as "complex" litigation "by any definition." Petition at p. 2. In reality, this is a relatively small and straightforward trademark dispute, which does not warrant discovery in excess of that which is contemplated by Local Rule 26.1(c).

  DSI seeks to depose Attorney Don Mofford, who, as DSI *admits*, provided the Plaintiff with legal advice regarding the registration of the trademarks at issue in this case. Petition at p. 5. Attorney Mofford's communications with the Plaintiff are protected by the attorney-client privilege and DSI should not be permitted to depose him.

DSI attempts to get around the attorney-client privilege that exists between Attorney Mofford and DSS by alleging, without any substantive proof, that Mr. Mofford is a personal friend of Curtis DeVries, the ex-husband of DSS' principal, Suzanne DeVries. DSI reasons that because of this alleged personal relationship, any communications between Attorney Mofford and Curtis DeVries are not privileged. Petition at p. 5. This argument is an extremely bold one in light of the fact that DSI also seeks to depose Mr. DeVries because he allegedly prepared DSS' tax returns and was allegedly actively involved in DSS' name selection and trademark usage. Petition at p. 4. To the extent that DSI seeks to depose either Mr. DeVries or Mr. Mofford regarding the trademark issues in this case, the conversations between Mr. Mofford and Mr. DeVries are privileged, regardless of any alleged personal friendship between them. Moreover, DSS believes that the sole purpose for DSI's request to depose Mr. DeVries is to harass DSS' principal, Suzanne DeVries.

DSI justifies its excessive discovery requests by suggesting that it is showing restraint because it "is not deposing every magazine or marketing source identified by the Plaintiff" and "is not seeking to depose every employee, past or present, of the Plaintiff." (Petition at p. 5). DSI presumes, without any justification, that it would be entitled to depose such individuals. Like any other party in litigation, DSI should be required to narrowly tailor its discovery requests to conform to the Local Rules and it should be required to select among the countless, potential witnesses who, if anyone, is most important to its claims or defenses. It does not, despite its suggestion to the contrary, have an inherent right to depose anyone it deems necessary.

Finally, DSI states that it "has notified the Plaintiff that it intends to file a motion pursuant to F.R.C.P. 19 to implead certain parties who are not yet parties to this case, but who must be added. These new defendants will include Diamond Staffing, Inc., a New Hampshire

company created by the Plaintiff's principal in an obvious attempt to interfere with the Defendant's lawful use of that name in New Hampshire. The other additional defendant will be Suzanne DeVries, the principal of Diamond Staffing Solutions, Inc. and the New Hampshire Diamond Staffing, Inc." DSI supports these proposed amendments by alleging, again without any substantive support, that "these two companies are simply alter egos of Suzanne DeVries." Petition at p. 2. DSS notes that no motion to amend pursuant to Fed. R. Civ. P. 19 has been served, filed, or is currently pending before this Court. DSS reserves the right to oppose any such motion on the grounds that, *inter alia*, DSI has failed to satisfy the legal requirements for piercing the corporate veil and that such amendments are not supported by any legal or factual grounds.

**WHEREFORE**, Plaintiff, Diamond Staffing Solutions, Inc. respectfully requests that this Court:

A. Deny Diamond Staffing, Inc.'s Petition For Leave To Conduct In Excess of 10 Depositions Pursuant To L.R. 26.1(c), and;

B. Grant other such relief as the Court deems fair and just.

DIAMOND STAFFING SOLUTIONS, INC.

By its attorneys,

s// Michael L. Cornell
Nicholas G. Papastavros (BBO#635742)
Michael L. Cornell (BBO # 651405)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000 (telephone)
(617) 345-1300 (facsimile)

Date: December 6, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiff Diamond Staffing Solutions, Inc. certifies that they conferred with counsel for Defendant Diamond Staffing, Inc. in a good faith attempt to resolve or narrow the issues presented in this Motion and was unable to do so.

s// Michael L. Cornell

Michael L. Cornell

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Defendant by electronic service on December 6, 2005.

s// Michael L. Cornell

Michael L. Cornell