UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND STAFFING SOLUTIONS, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>DIAMOND STAFFING, INC.,<br><br>        Defendant. | Civil Action No. 05-40046-FDS |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

  Plaintiff Diamond Staffing Solutions, Inc. ("Diamond Staffing$^{SM}$"), by its attorneys, hereby answers the Counterclaim of Defendant Diamond Staffing, Inc. ("DSI") as follows:

  Each numbered paragraph in this Answer responds to the identically numbered paragraph in DSI's Counterclaim. Diamond Staffing$^{SM}$ denies all allegations, declarations, claims or assertions in the Counterclaim that are not specifically admitted in this Answer.

  1.  Diamond Staffing$^{SM}$ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim, and therefore denies the same.

  2.  Diamond Staffing$^{SM}$ admits that it is a Delaware Corporation with a principal place of business at 5 Remington Court in Derry, New Hampshire. Except as expressly admitted, Diamond Staffing$^{SM}$ denies the allegations contained in paragraph 2 of the Counterclaim.

  3.  Paragraph 3 of the Counterclaim contains legal conclusions to which no responsive pleading is required. To the extent any response is required, the allegations contained in paragraph 3 are denied.

BOS1547998.1

4. Paragraph 4 of the Counterclaim contains legal conclusions to which no responsive pleading is required. To the extent any response is required, the allegations contained in paragraph 4 are denied.

5. Diamond Staffing$^{SM}$ admits that DSI has filed for federal registration for the service mark "Diamond Staffing." Except as expressly admitted, paragraph 5 of the Counterclaim contains legal conclusions to which no responsive pleading is required. To the extent any response is required, the allegations contained in paragraph 5 are denied.

6. Diamond Staffing$^{SM}$ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Counterclaim, and therefore denies the same.

7. Diamond Staffing$^{SM}$ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaim, and therefore denies the same.

8. Diamond Staffing$^{SM}$ admits that DSI registered the mark "Diamond Staffing" in the Commonwealth of Massachusetts. Except as expressly admitted, Diamond Staffing$^{SM}$ denies the allegations contained in paragraph 8 of the Counterclaim.

9. Diamond Staffing$^{SM}$ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Counterclaim, and therefore denies the same.

10. Diamond Staffing$^{SM}$ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaim, and therefore denies the same.

11. Diamond Staffing$^{SM}$ denies the allegations of paragraph 11 of the Counterclaim.

12. Diamond Staffing$^{SM}$ denies the allegations of paragraph 12 of the Counterclaim.

13. Diamond Staffing$^{SM}$ admits the allegations of paragraph 13 of the Counterclaim.

14. Diamond Staffing$^{SM}$ denies the allegations of paragraph 14 of the Counterclaim.

15. Diamond Staffing[SM] admits that it filed service mark applications with the USPTO on November 20, 2003. Except as expressly admitted, Diamond Staffing[SM] denies the allegations contained in paragraph 15 of the Counterclaim.

16. Diamond Staffing[SM] admits that it filed applications with the USPTO on November 20, 2003 for the service marks "Diamond Staffing" and "Diamond Staffing Solutions." Except as expressly admitted, Diamond Staffing[SM] denies the allegations contained in paragraph 16 of the Counterclaim.

17. Diamond Staffing[SM] lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaim, and therefore denies the same.

18. Diamond Staffing[SM] denies the allegations of paragraph 18 of the Counterclaim.

19. Diamond Staffing[SM] denies the allegations of paragraph 19 of the Counterclaim.

20. Diamond Staffing[SM] denies the allegations of paragraph 20 of the Counterclaim.

21. Diamond Staffing[SM] denies the allegations of paragraph 21 of the Counterclaim.

22. Diamond Staffing[SM] denies the allegations of paragraph 22 of the Counterclaim.

23. Diamond Staffing[SM] denies the allegations of paragraph 23 of the Counterclaim.

24. Diamond Staffing[SM] denies the allegations of paragraph 24 of the Counterclaim.

25. Diamond Staffing[SM] denies the allegations of paragraph 25 of the Counterclaim.

26. Diamond Staffing[SM] admits that it places candidates in the giftware industry, including Swarovski. Except as expressly admitted, Diamond Staffing[SM] denies the allegations contained in paragraph 26 of the Counterclaim.

27. Diamond Staffing[SM] denies the allegations of paragraph 27 of the Counterclaim.

28. Diamond Staffing[SM] denies the allegations of paragraph 28 of the Counterclaim.

29. Diamond Staffing[SM] denies the allegations of paragraph 29 of the Counterclaim.

30. Diamond Staffing[SM] denies the allegations of paragraph 30 of the Counterclaim.

31. Diamond Staffing[SM] denies the allegations of paragraph 31 of the Counterclaim.

## COUNT I
## WILLFUL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a)

32. Diamond Staffing[SM] incorporates by reference their responses to paragraphs 1 through 31 of the Counterclaim, as if fully sent forth herein.

33. Diamond Staffing[SM] denies the allegations of paragraph 33 of the Counterclaim.

34. Diamond Staffing[SM] denies the allegations of paragraph 34 of the Counterclaim.

35. Diamond Staffing[SM] denies the allegations of paragraph 35 of the Counterclaim.

36. Diamond Staffing[SM] denies the allegations of paragraph 36 of the Counterclaim.

37. Diamond Staffing[SM] denies the allegations of paragraph 37 of the Counterclaim.

## COUNT II
## WILLFUL TRADEMARK INFRINGEMENT
## M.G.L. ch. 110B § 11

38. Diamond Staffing[SM] incorporates by reference their responses to paragraphs 1 through 37 of the Counterclaim, as if fully sent forth herein.

39. Diamond Staffing[SM] admits the allegations of paragraph 39 of the Counterclaim.

40. Diamond Staffing[SM] denies the allegations of paragraph 40 of the Counterclaim.

41. Diamond Staffing[SM] denies the allegations of paragraph 41 of the Counterclaim.

42. Diamond Staffing[SM] denies the allegations of paragraph 42 of the Counterclaim.

## COUNT III
## WILFUL TRADEMARK INFRINGEMENT
## M.G.L. ch. 93A

43. Diamond Staffing<sup>SM</sup> incorporates by reference their responses to paragraphs 1 through 42 of the Counterclaim, as if fully sent forth herein.

44. Diamond Staffing<sup>SM</sup> admits the allegations of paragraph 44 of the Counterclaim.

45. Diamond Staffing<sup>SM</sup> denies the allegations of paragraph 45 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim and each cause of action contained therein fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

DSI's claims are barred in whole or in part by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

DSI's claims are barred in whole or in part by estoppel, laches, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

DSI's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

DSI's claims are barred in whole or in part by waiver.

### ADDITIONAL AFFIRMATIVE DEFENSES

Diamond Staffing<sup>SM</sup> reserves the right to amend its answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## PRAYER FOR RELIEF

WHEREFORE, Diamond Staffing[SM] respectfully requests that the Court:

(1)   Dismiss the Counterclaim in its entirety with prejudice;

(2)   Award Diamond Staffing[SM] reasonable attorneys' fees, expenses and costs associated with this action, pursuant to 15 U.S.C. § 1117(a), and/or other applicable law; and

(3)   Grant such further relief as is just and appropriate.

        Respectfully submitted,

        DIAMOND STAFFING SOLUTIONS, INC.

        By its attorneys,

        /s/ Gina M. McCreadie
        Nicholas G. Papastavros (BBO #635742)
        Michael L. Cornell (BBO # 651405)
        Gina M. McCreadie (BBO # 661107)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110-2131
        (617) 345-1000

DATED:  December 9, 2005