UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIAMOND STAFFING SOLUTIONS, INC., ) )  Plaintiff, ) ) v. ) ) DIAMOND STAFFING, INC., ) ) Defendant. ) | ) ) ) ) Civil Action No. 05-40046-FDS |

MEMORANDUM AND ORDER ON DEFENDANT'S
PETITION FOR LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS

**SAYLOR, J.**

Defendant Diamond Staffing, Inc. ("DSI") moved on November 25, 2005, for leave to take more than ten depositions in this matter. Local Rule 26.1(C) provides that each side is limited to ten depositions "[u]nless the judicial officer orders otherwise." DSI seeks to depose 17 additional individuals; apparently Suzanne DeVries, the principal of plaintiff Diamond Staffing Solutions, Inc. ("DSS"), has already been deposed.

Among the witnesses DSI seeks to depose are Don Mofford, an attorney who provided DSS with legal advice, and Curtis DeVries, the former husband of Suzanne DeVries, who is alleged to have been involved in the creation of the company. DSS objects both to the number of depositions and specifically to the proposed depositions of Mr. Mofford (who, they contend, has no relevant information that is not privileged), and Mr. DeVries (who, they contend, is being deposed solely for purposes of harassment).

The limitation in the local rules providing for ten depositions is obviously arbitrary. It is impossible to determine, in the abstract, whether some greater or lesser number is appropriate in

any particular case.  Although DSI has attempted to make a showing of relevance and necessity, but there is not sufficient information before the Court to make an informed decision. Furthermore, and notwithstanding DSI's claims to the contrary, this is not an unusually complex case.

Accordingly, the Court will deny DSI's motion without prejudice to its renewal at an appropriate future time.  DSI may (if it chooses) take the depositions of the nine additional witnesses that it deems to be the most appropriate under the circumstances.  If, at that point, it desires to take more, and the matter cannot be resolved by stipulation of counsel, the Court will permit DSI to make a showing as to why additional depositions are necessary.  In making that ruling, the Court will consider, among other factors, the demonstrated need for and anticipated relevance of the testimony; the anticipated burden of additional depositions, including the relative cost and inconvenience; and the cost-effectiveness and efficiency with which depositions have been conducted by counsel up to that time.

This ruling is also without prejudice to DSS's ability to seek a protective order or other relief with regard to any particular deposition—including, but not limited to, the depositions of Mr. Mofford and Mr. DeVries.

For the reasons set forth above, Defendant Diamond Staffing, Inc.'s Petition for Leave to Conduct in Excess of 10 Depositions Pursuant to L.R. 26.1(C) is DENIED without prejudice. **So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 14, 2005